PERCY H. REAMS, PLAINTIFF v. BURLINGTON INDUSTRIES, EMPLOYER LIBERTY MUTUAL INSURANCE COMPANY, CARRIER DEFENDANTS

No. 7810IC829

(Filed 19 June 1979)

**Master and Servant § 55.1— workmen's compensation—different task performed by employee—no accident**

The mere fact that plaintiff was performing a task for his employer which involved a greater volume of lifting than his ordinarily assigned task could not be taken as an indication that an injury he sustained while performing the work was the result of an accident within the meaning of the Workers' Compensation Act.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 8 May 1978. Heard in the Court of Appeals 29 May 1979.

The plaintiff instituted this action to recover benefits under the Workers' Compensation Act [hereinafter "Act"] for a back injury he suffered while working for the defendant. A Deputy Commissioner of the North Carolina Industrial Commission conducted a hearing concerning the plaintiff's claim and concluded that the plaintiff was not entitled to an award under the Act. The plaintiff appealed to the full North Carolina Industrial Commission [hereinafter "Commission"]. The Commission affirmed the opinion

of the Deputy Commissioner and denied the plaintiff's claim. The plaintiff appealed.

During the hearing before the Deputy Commissioner, the plaintiff presented evidence in support of his claim which tended to show that he had been employed by the defendant for approximately 22 years. He had worked for the defendant as a "head grader" for approximately 8 years prior to his injury. The plaintiff's duties as a head grader consisted of lifting bales of cloth weighing 70 to 80 pounds, placing them on a measure graft, inspecting the cloth, and removing the bales from the measure graft. The plaintiff ordinarily inspected no more than 30 bales of cloth per day.

On 29 March 1977, one of the defendant's other employees was absent from work and the plaintiff was asked to perform the absent employee's duties. Those duties consisted of removing the bales of cloth from an inspection table, carrying them three to fifteen feet, and placing them on a pallet. The plaintiff performed those duties for approximately two hours during which time he handled approximately 100 bales of cloth. The plaintiff then informed his supervisor that he could no longer perform the job. He later discovered that he had suffered a back injury in the form of a ruptured intervertebral disc.

*Dill, Exum, Fountain & Hoyle, by William S. Hoyle, for plaintiff appellant.*

*Johnson, Patterson, Dilthey & Clay, by Robert M. Clay and Robert W. Kaylor, for defendant appellees.*

MITCHELL, Judge.

In order to be compensable under the Workers' Compensation Act, G.S. 97-1 *et seq.*, an injury must have resulted from an accident. The mere fact of injury does not of itself prove that an accident occurred. *Jackson v. Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865 (1968); *Lawrence v. Mill,* 265 N.C. 329, 144 S.E. 2d 3 (1965). The terms "injury" and "accident," are not, therefore, synonymous as employed in the Act. Instead, an accident as referred to in the Act is "(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause." *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 428, 124 S.E. 2d 109, 110-111 (1962).

The facts in the present case as established by the plaintiff's own testimony are that:

> There was not anything different about the bale I was lifting when I felt the pain as opposed to any other bales. They were all about the same, the length and weight. When I felt this pain, there was not anything about the way I was moving the bale as opposed to the other bales I was moving on the cloth table. Like I said, one bale did not do it. It was volume.

Based on this testimony by the plaintiff, the Commission made a "finding of fact" that the injury to the plaintiff's back "did not result from an accident as the word 'accident' is defined [in the Act], as there was no interruption of the plaintiff's work routine, and he was merely performing his usual and normal duties in the customary manner." That portion of the "finding of fact" stating that the injury did not result from an accident as defined in the Act comprised a conclusion of law and not a finding of fact. *See Beamon v. Grocery*, 27 N.C. App. 553, 219 S.E. 2d 508 (1975). The Commission apparently recognized this when it later made a conclusion of law that the plaintiff did not "sustain an injury by accident" and was not entitled to benefits under the Act. Any confusion in this regard, however, merely resulted in unnecessary surplusage being included in one of the Commission's findings and was in no way harmful to the plaintiff.

The plaintiff contends that the Commission erred in finding and concluding that his injury was not the result of an accident. He concedes that, in order to establish that type of injury produced by a "fortuitous cause" which will be found to be an accident, he must have shown that his injury occurred as a result of an interruption of his usual work routine or the introduction of some new circumstance not a part of his usual work routine. The plaintiff goes on, however, to advance a well-reasoned argument to the effect that his assignment to a task different than that he was accustomed to performing and which required him to lift an increased volume of bales of cloth amounted to an interruption of his usual work routine and the introduction of a new circumstance not a part of his usual work routine. In support of this contention, counsel for the plaintiff cites numerous cases decided by our Supreme Court all of which involved fact situations in which the

claimant was working at the same task to which he was generally assigned by his employer. The plaintiff would have us conclude that the fact that he was performing a different task which involved lifting a greater volume of bolts of cloth than required in his generally assigned task caused an interruption of his usual work routine and the introduction of a new circumstance not a part of the usual work routine.

We do not think that the mere fact that the plaintiff was performing a task for his employer which involved a greater volume of lifting than his ordinarily assigned task may be taken as an indication that an injury he sustained while performing the work was the result of an accident within the meaning of the Act. The plaintiff was still performing a job in the ordinary course of business "in the ordinary manner, free from confining or otherwise exceptional conditions and surroundings." *Russell v. Yarns, Inc.*, 18 N.C. App. 249, 250, 196 S.E. 2d 571, 572 (1973). All of the evidence indicates that his injury was not caused by any particular movement, exceptional weight or other circumstance which would constitute an "unlooked for and untoward event" or a "fortuitous cause." The findings and conclusions of the Commission were, in this regard, borne out by the uncontested facts as put forth in the plaintiff's testimony. Therefore, the order of the Commission concluding that the plaintiff did not sustain an injury by accident within the meaning of the Act and denying recovery by him must be

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.