ANNIE GREENE DYER, PLAINTIFF v. MACK FOSTER POULTRY & LIVESTOCK, INC., EMPLOYER; TRAVELERS INSURANCE COMPANY, CARRIER, DEFENDANTS

(Filed 6 January 1981)

**Master and Servant § 55.1— workers' compensation — more lifting required of employee than usual — no accident**

Evidence was sufficient to support a finding by the Industrial Commission that there was "no interruption of [plaintiff's] work routine or the introduction of some new circumstance not a part of the usual work routine," the fact that plaintiff was filling in for absent employees and therefore engaged in a greater volume of lifting than was her ordinarily assigned task not rendering her performance at the time of the injury other than "a part of the usual work routine."

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission, by Commissioner Robert S. Brown, filed 17 December 1979. Heard in the Court of Appeals 7 October 1980.

Plaintiff seeks to recover benefits under the Workers' Compensation Act for an injury to her back incurred while working for defendant-employer. The parties stipulated that the employer-employee relationship existed between plaintiff and defendant-employer, and that defendant Travelers Insurance Company was the carrier on the claim.

The evidence on behalf of plaintiff tended to show that she was working for defendant-employer on 9 September 1977. Her duties were "packing eggs, grading eggs, and lifting boxes." The plaintiff further described her duties as follows:

> When I packed eggs, I would take boxes and put twelve eggs in each box and pack until I got 45 cartons in each case. Then I would lift the cases and put them on top of each other.

On 9 September 1977 plaintiff "was running the packers all day." "There were four packers to run", and ordinarily three people operated the four packers. Plaintiff ordinarily operated only two packers and "helped keep up the tables." On this date, however, she "was assigned to work the four packers because [the employer was] short two girls." Plaintiff testified that "[t]he effect of this was that it was more work . . . heavier lifting and harder work and faster work and more straining to reach." She had never previously run all four

packing machines for any length of time.

Plaintiff commenced work on 9 September 1977 at 7:00 a.m. At about 4:00 or 5:00 p.m. she "felt a catch in [her] back." She continued to experience pain in her back for which she eventually went to a doctor on or about 14 September 1977. On or about 18 September 1977 she was admitted to the hospital. After a week of therapy which produced no improvement, a disc was surgically removed from plaintiff's back.

The defendants offered no evidence. The Hearing Commissioner made a finding of fact (actually a mixed finding of fact and conclusion of law) that:

> Plaintiff did not at the time complained of sustain an injury by accident arising out of and in the course of her employment. Although she was injured, said injury was not as a result of an accident. There was no interruption of her work routine or the introduction of some new circumstance not a part of the usual work routine except that she was working faster than usual on the occasion in question and felt a catch in her back.

He thus denied plaintiff's claim for compensation. Plaintiff appealed to the Full Commission which affirmed and adopted the Opinion and Award of the Hearing Commissioner. Plaintiff appeals to this Court from that decision.

*Brewer and Freeman, by Paul W. Freeman, Jr., for plaintiff appellant.*

*No brief filed for defendant-employer.*

*No brief filed for defendant-carrier.*

WHICHARD, Judge.

It is well-established in this jurisdiction that

> [u]nder the [Workers'] Compensation Act, the North Carolina Industrial Commission is constituted the agency to hear evidence, resolve conflicts therein, make findings of fact, and state its conclusions. If the findings are supported by competent evidence, they are conclusive on the courts.

*Jackson v. Highway Commission,* 272 N.C. 697, 700, 158 S.E.2d 865, 867 (1968). Applying this principle to the evidence in the record here, we find the following:

The plaintiff testified that it was a part of her normal work routine to operate the packers and to lift the packed cases, placing them on top of each other. She testified: "[A]s we get these boxes full, we stack [them] up; and that's what I was doing when I had this catch in my back. I was packing big eggs." She further testified: "I was reaching down getting the eggs. I was stooping down. *The day before when I picked up the flats of eggs I stooped down then."* (Emphasis supplied.) Finally, she testified: "I reached down to get my eggs and when I reached down, I couldn't get back up. *I guess it was the same way I had reached down before."* (Emphasis supplied.)

We find that the testimony of plaintiff quoted above clearly constituted competent evidence from which the Hearing Commissioner (and the Full Commission by adoption) could have found that there was "no interruption of [plaintiff's] work routine or the introduction of some new circumstance not a part of the usual work routine." The finding is thus binding on this Court.

The Opinion and Award of the Full Commission found the Opinion and Award of the Hearing Commissioner to be "a proper application of the law of this State to the facts of record", citing *Reams v. Burlington Industries,* 42 N.C.App. 54, 255 S.E.2d 586 (1979). In *Reams* the plaintiff's duties "consisted of lifting bales of cloth weighing 70 to 80 pounds, placing them on a measure graft, inspecting the cloth, and removing the bales from the measure graft." *Reams,* 42 N.C.App. at 55, 255 S.E.2d at 587. Plaintiff ordinarily inspected no more than 30 bales of cloth per day. On the date his injury occurred another employee was absent from work, and plaintiff was asked to perform the absent employee's duties. Plaintiff performed these duties for approximately two hours during which he handled approximately 100 bales of cloth, and then informed his supervisor he could no longer perform the job. He subsequently discovered that he had suffered a ruptured intervertebral disc. This Court affirmed the Industrial Commission's order which concluded that the plaintiff did not "sustain an injury by accident" within the meaning of section 97-2 (6) of the Worker's Compensation Act, stating,

> We do not think that the mere fact that the plaintiff was performing a task for his employer which involved *a greater volume of lifting* than his ordinarily

assigned task may be taken as an indication that an
injury he sustained while performing the work was
the result of an accident within the meaning of the
Act.

*Reams,* 42 N.C.App. at 57, 255 S.E.2d at 588 (emphasis supplied).

The only basis we find for distinguishing the facts in this case from those in *Reams* is that here the plaintiff was performing the work of two other employees rather than one. We do not find that distinction sufficient to merit a different result. The evidence here permitted the Hearing Commissioner (and the Full Commission by adoption) to find facts on which to base a conclusion that this plaintiff, like the plaintiff in *Reams,* was, on the date her injury was incurred, simply engaged in "a greater volume of lifting than [was her] ordinarily assigned task." Under the decision in *Reams,* this would not render her performance at the time of the injury other than "a part of the usual work routine."

*See also Beamon v. Grocery,* 27 N.C.App. 553, 219 S.E.2d 508 (1975), and cases cited.

There being competent evidence to support the findings of the Hearing Commissioner which were adopted by the Full Commission, and the Full Commission having concluded correctly that the findings dictate a denial of plaintiff's claim by virtue of the decision of this Court in *Reams,* the decision of the North Carolina Industrial Commission is

Affirmed.

Judges CLARK and WEBB concur.