JAMES TRUDELL, EMPLOYEE, PLAINTIFF v. SEVEN LAKES HEATING & AIR CONDITIONING COMPANY, EMPLOYER; HARTFORD ACCIDENT & INDEMNITY COMPANY, CARRIER; DEFENDANTS

No. 8110IC345

(Filed 1 December 1981)

**Master and Servant § 55.1— workers' compensation—injury not caused by accident —denial of claim proper**

Plaintiff's claim for compensation for a lower back strain was properly denied where he was installing air ducts in the crawl space underneath a building and worked for at least one week and possibly two weeks under the same conditions before experiencing the pain of which he complained. The low crawl space had become part of plaintiff's normal work routine; therefore, there was no "accident" causing his back injury.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 13 January 1981. Heard in the Court of Appeals 12 November 1981.

In October of 1978, plaintiff was employed with Seven Lakes Heating and Air Conditioning Company to do service installments. He began work at the Seven Lakes Condominium site around 1 December 1978. In order to install air ducts, he had to work in the crawl space underneath the building. The crawl space of this unit was lower than any other under which plaintiff had previously worked. After two weeks of such labor, he began to feel pain in his lower back. On 22 December 1978, the pain became so intense that he left work. Plaintiff was hospitalized from 2 January 1979 to 9 January 1979 and diagnosed as suffering from acute lumbosacral strain.

On 1 May 1980, a Deputy Commissioner entered an opinion which contained the following pertinent finding of fact:

"5. During the week prior to December 22, 1978, plaintiff sustained an injury, but at the time complained of, he did not sustain an injury by accident. Plaintiff had been doing the same type of work under the same circumstances or work conditions for at least one, and perhaps two weeks, when he began feeling the pain in his back. Additionally, plaintiff could not remember a specific occasion when his back began to hurt. These facts do not constitute an interruption in the

plaintiff's normal work routine. The low crawl space under the condominiums had become a part of his normal work routine by the time he began to experience the back pain."

She concluded that plaintiff had not sustained an injury by accident and denied his claim to compensation. The Full Commission affirmed the denial on 13 January 1981.

*Pollock, Fullenwider, Cunningham and Patterson, by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Johnson, Patterson, Dilthey and Clay, by Richard T. Boyette, for defendant appellees.*

VAUGHN, Judge.

Plaintiff's appeal does not challenge the sufficiency of the Commission's Findings of Fact. Plaintiff rather challenges its conclusion that his injury was not caused by an "accident." The issue, therefore, is whether the Commission's award is justified by its findings. *Buck v. Procter & Gamble Co.*, 52 N.C. App. 88, 278 S.E. 2d 268 (1981). We conclude it is.

Mere injury does not entitle an employee to compensation under North Carolina's Workers' Compensation Act. *Bigelow v. Tire Sales Co.*, 12 N.C. App. 220, 182 S.E. 2d 856 (1971). The injury must result from an accident arising out of and in the course of employment. G.S. 97-2(6). "Accident" has been defined as (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause. *Pulley v. Association*, 30 N.C. App. 94, 226 S.E. 2d 227 (1976).

An injury which occurs under normal work conditions is not considered an accident arising out of employment. Work conditions may be considered normal despite the presence of changed circumstances. *E.g., Jackson v. Highway Commission*, 272 N.C. 697, 158 S.E. 2d 865 (1968); *Reams v. Burlington Industries*, 42 N.C. App. 54, 255 S.E. 2d 586 (1979). In *Jackson*, the claimant suffered a heart attack while working a snow plow overtime. The Court stated that the "extra hours on call were customary when, by weather conditions, there was need for the use of the machine he operated." 272 N.C. at 701, 158 S.E. 2d at 868. In *Reams*, this

Court stated "[w]e do not think that the mere fact that the plaintiff was performing a task for his employer which involved a greater volume of lifting than his ordinarily assigned task may be taken as an indication that an injury he sustained while performing the work was the result of an accident. . . ." 42 N.C. App. at 57, 255 S.E. 2d at 588.

In the present cause, we also fail to find evidence that plaintiff's injury was caused by an "unlooked for and untoward event" or a "fortuitous cause." The uncontradicted evidence is that plaintiff had performed similar work for two and a half years prior to his employment with Seven Lakes Heating and Air Conditioning Company. Although plaintiff testified that the Seven Lakes Condominium was the lowest unit under which he had ever worked, there is no evidence that plaintiff's task involved unusual exertion or twisting. *See generally Edwards v. Publishing Co.*, 227 N.C. 184, 41 S.E. 2d 592 (1947); *Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 264 S.E. 2d 360 (1980). His location underneath the building was normal for air duct installation. *Compare with Dunton v. Construction Co.*, 19 N.C. App. 51, 198 S.E. 2d 8 (1973). At times he was required to lie on his back but there is no finding that that position was an unusually cramped one from which to work.

Plaintiff worked for at least one week and possibly two weeks under such conditions before experiencing the pain of which he presently complains. We agree with the Commission that by that time, the low crawl space had become part of plaintiff's normal work routine. There was, therefore, no accident causing his back injury. The award order is affirmed.

Affirmed.

Judges HILL and WHICHARD concur.