The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On December 12, 1994 the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On December 12, 1994 an Employee-Employer relationship existed between Plaintiff-Employee and Defendant-Employer.
3. On December 12, 1994 Defendant-Employer was covered with regard to Workers' Compensation insurance by State Farm Fire and Casualty Company.
4. On December 12, 1994 Plaintiff was employed by Defendant-Employer at an average weekly wage of Three Hundred and 00/100 Dollars ($300.00), yielding a weekly compensation rate of Two Hundred and 00/100 Dollars ($200.00).
5. To date, Plaintiff has not been paid any temporary partial, temporary total, permanent partial, or permanent total disability benefits.
6. In I.C. File No. 523975 there are I.C. Forms 18, 19, 33, and 33R.
In addition, the parties stipulated into evidence the December 21, 1994 medical records of Quadrangle Urgent Care Center.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a thirty-three (33) year old female who left high school in the tenth grade, but received her GED.
2. At the time of her injury on December 12, 1994 Plaintiff was employed by Defendant-Employer as a laundry folder and driver. This job involved driving a van to Virginia; picking up dirty laundry; washing, drying, and bagging the laundry; and returning the clean laundry to Virginia. The job required Plaintiff to lift, pull, push, tug, and carry the laundry.
3. On December 12, 1994, Plaintiff was removing wet, tangled laundry from one of the commercial washing machines, just as she always did in her normal work routine and under normal working conditions without interruption in her work routine, when she allegedly felt a "snap" in her right shoulder. The gowns were always tangled and difficult to remove. Plaintiff rested for a few minutes before returning to complete her work assignment.
4. Plaintiff verbally reported the injury to her supervisor Cathy Copeland several days after the incident and gave a handwritten notice to Dot Ambrose on December 24, 1994.
5. On December 21, 1994 Plaintiff underwent an evaluation and treatment by B.E. Higgins, M.D. for her injury. Plaintiff reported to Dr. B.E. Higgins of Quadrangle Urgent Care Center that her right shoulder was bothering her as a result of pulling and folding laundry bags. Dr. Higgins diagnosed acute shoulder strain.
6. Plaintiff did not seek medical treatment again until March 6, 1995, when the Carrier-Defendant referred her to Dr. Josephus Th. Bloem. Dr. Bloem noted that Plaintiff indicated that something had "snapped" in her shoulder on December 12, 1994. However, a neck and neurological examination yielded normal findings and results, although there was some pain to palpation and motion of the right shoulder. X-rays likewise yielded no abnormal findings or results. Dr. Bloem was unable to make a conclusive diagnosis at the time. He recommended an MRI but informed Plaintiff that she could continue working.
7. The MRI performed on March 10, 1995 showed a para-articular synovial cyst associated with the superior glenoid and scapular neck.
8. Plaintiff returned to Dr. Bloem on March 16, 1995, continuing to complain of pain. He injected her with cortisone at that time.
9. On April 6, 1995 Plaintiff returned to Dr. Bloem, at which time he indicated that a second opinion for possible surgical treatment should be obtained.
10. Plaintiff again returned to Dr. Bloem on May 3, 1995, when she was complaining of worsening symptoms. Dr. Bloem again recommended a second opinion and gave Plaintiff restrictions to light work with no lifting, pushing, or pulling over fifteen (15) pounds.
11. Plaintiff was seen by William J. Mallon, M.D. on June 13, 1995. Dr. Mallon's examination showed that Plaintiff had marked impingement signs and a painful arc of motion of the shoulder.
12. Based on the results of the MRI performed in March, 1995 and his physical examination, Dr. Mallon diagnosed Plaintiff with a para-articular synovial cyst of the right superior glenoid that was associated with a glenoid labral tear. Dr. Mallon recommended that Plaintiff have the cyst surgically excised.
13. In spite of the accommodations made by the Employer-Defendant and the willingness of representatives of the Employer-Defendant to work with Plaintiff so as to prevent any strain, on June 26, 1995 the Plaintiff voluntarily left her employment. She failed to contact the Employer-Defendant to indicate that she was leaving, and simply did not to return to work. Thereafter, she failed to seek other work with either the same or any other employer.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. For an injury to be compensable, it must be shown to have resulted from an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2 (6); Perry v.Bakeries Co., 262 N.C. 272, 136 S.E.2d 643 (1964).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Trudell v. Heating Air ConditioningCo., 55 N.C. App. 89, 284 S.E.2d 538 (1981).
3. On December 12, 1994, Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
4. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. Id.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, Plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This the ___ day of March 1997.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
LKM/bjp