The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts but different conclusions from those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the August 7, 1997 Opinion and Award of the Deputy Commissioner is HEREBY VACATED.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. USFG is the carrier on risk.
4. A Form 22 Wage Chart was submitted from which an average weekly wage could be determined.
5. Employment documentation concerning plaintiff's compensation was stipulated into evidence as Stipulated Exhibit Three.
6. Employee earnings records concerning the plaintiff were stipulated into evidence as Stipulated Exhibit Four.
7. Documentation from the employer concerning the correspondence to plaintiff was stipulated into evidence as Stipulated Exhibit Five.
8. A change of status record for plaintiff was stipulated into evidence as Stipulated Exhibit Six.
9. Plaintiff, after the date of the alleged injury, returned to light duty for defendant-employer on August 2, 1993 through September 8, 1993.
10. Plaintiff continued to work for defendant-employer at his regularly assigned duties through August 25, 1995. Plaintiff has not returned to work for defendant-employer since that time.
11. Plaintiff's medical records were stipulated into evidence. These records consist of documentation from the following: ten pages of documentation from Pitt County Memorial Hospital; five pages of documentation from Pitt Orthopaedic Service, Incorporated; one page of documentation from Greenville MRI Limited; seven pages of documentation from Eastern Carolina Physical Therapy Associates; fifty-five pages of documentation from Veterans Administration Hospital; one page of photographs of plaintiff; and three pages of employment application. All of this documentation was marked Stipulated Exhibit One.
12. The issues before the Full Commission are: (i) whether plaintiff sustained an injury by accident arising out of and in the scope of his employment when he hurt his knee while working on August 2, 1993; and (ii) if so, what compensation, if any, is due plaintiff.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. Plaintiff is a forty-one year old high school graduate who was employed by defendant-employer in June, 1993. Initially, plaintiff worked in the sand pit of defendant-employer's work site, but soon began working as a mixer truck driver. His duties included delivering concrete to defendant-employer's customers and maintaining and cleaning the mixer truck while it was in his use.
2. On August 2, 1993, plaintiff was waiting to receive a load of concrete for delivery. Plaintiff's truck was not the first in line to be loaded; therefore, plaintiff undertook to clean his truck. During this process, plaintiff had to raise a set of wheels on the back of the truck in order to clean them. To raise the wheels, plaintiff had to climb onto the cab of his truck by stepping up on a step on the truck approximately one foot and a half off the ground. Plaintiff then had to step on the gas tank which was approximately twelve to thirteen inches above the first step.
3. When plaintiff climbed to the level of the cab, he leaned in to flip a safety switch to release the pressure on the back wheels so that they would come up. After flipping the switch, plaintiff held the grab rail of the truck and leaned back to see if the wheels were coming up. The plaintiff saw the wheels were in fact coming up, so he stepped backwards onto the ground.
4. When plaintiff stepped onto the ground and planted his right foot on the ground, he heard two pops in his knee and felt immediate pain and fell to the ground. Plaintiff testified that he was taking his time down getting off of the truck because his feet were wet from cleaning the truck. Plaintiff also testified that he does not remember twisting his knee or any other unusual motion.
5. Plaintiff had cleaned his truck in this area before and cleaning his truck was in the normal course and scope of his employment with the defendant-employer.
6. Plaintiff did not experience a situation on August 2, 1993, which was unusual or out of the ordinary from his routine experience in cleaning his truck and in using a three point turn to dismount his truck. On this occasion, plaintiff undertook normal maneuvers and procedures to clean his truck and to dismount his truck after raising the back wheels.
7. Plaintiff eventually was able to get back into the cab and call for help on the radio of the cab. Plaintiff got down onto the ground because he could not stand due to the pain in his leg.
8. Plaintiff was taken by ambulance to Pitt County Memorial Hospital in Greenville and was diagnosed as having a knee sprain. Thereafter, he was under the care of Dr. Denis M. McGillicuddy, an orthopaedic surgeon, who initially diagnosed a lateral subluxation of the patella. Plaintiff's condition seemed to improve somewhat over the following months.
9. By January, 1994 plaintiff was still having problems with his knee. On February 1, 1994, Dr. McGillicuddy felt that plaintiff had a significant patella lateral subluxation. He thought surgery might eventually be needed to treat plaintiff's knee. Nevertheless, by June, 1994, Dr. McGillicuddy was not recommending surgery. Dr. McGillicuddy had no further treatment recommendations other than for plaintiff to wear a splint on his leg and then take anti-inflammatory medications.
10. Plaintiff sought medical treatment at the Veterans Administration Hospital in Durham, North Carolina where he was first seen in August, 1994. A diagnosis of a right knee cap dislocation was made. Plaintiff remained under the care of doctors at the Veterans Administration Hospital where his complaints failed to improve with conservative treatment. Plaintiff also began having problems with his knee buckling and giving way.
11. On September 5, 1995, plaintiff underwent an operation on his knee performed by Dr. John Feagin. This operation was a right knee arthroscopic lateral retinaculum release and debridement chondral injury.
12. At the time of the hearing before the Deputy Commissioner, plaintiff remained in the care of the physicians at the Veterans Administration Hospital in Durham, North Carolina.
13. On August 2, 1993, plaintiff was performing his duties in his usual and customary manner, and there was not an interruption of his normal work routine likely to result in unexpected consequences.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff did not suffer an injury by accident as that term is defined in the Act while working for defendant-employer on August 2, 1993. Under the Act, the terms "injury" and "accident" are not synonymous and the mere fact of an injury does not of itself establish the fact of an accident. Reams v. BurlingtonIndustries, 42 N.C. App. 54, 255 S.E.2d 586 (1979). For an injury to result by accident, there must be an interruption of the work routine and the introduction of unusual conditions likely to result in unexpected consequences. Harding v.Thomas Howard Co., 256 N.C. 427, 124 S.E.2d 109 (1962). In this case, plaintiff was in the process of cleaning his truck and dismounting his truck using a three point turn. This was a normal part of plaintiff's regular duties and plaintiff's injury was not an accident within the meaning of the Act. N.C. Gen. Stat. § 97-2(6). Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of April 1998.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ RENÉE C. RIGGSBEE COMMISSIONER
DISSENTING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
LKM/jth