The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the eivdence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award except for minor modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction over the parties and of the subject matter.
2. All parties have been correctly designated and there is no question of misjoinder or nonjoinder of parties.
3. Plaintiff's medical records were stipulated into evidence.
All stipulations contained in the Pre-Trial Agreement are received into evidence.
4. A March 13, 1997 recorded statement marked as stipulated exhibit 1 was received into evidence.
5. A Form 19 marked as stipulated exhibit 2 was received into evidence.
 RULING ON EVIDENTIARY MATTERS
All objections contained in the deposition of Dr. Livingston are ruled upon in accordance with the law and the Opinion and Award in this matter.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. On January 13, 1997, plaintiff was employed by defendant-employer as a unit manager. Plaintiff's job duties included supervising other personnel, waiting on customers, cleaning, and stocking or moving merchandise and supplies from place to place in the store as required.
2. On January 13, 1997, plaintiff began to experience pain in her lower abdominal region after moving boxes of supplies from the back of the store to the front. At this time plaintiff was several months pregnant.
3. Plaintiff continued to perform her job duties after this incident. She first reported the incident to her supervisor on January 30, 1997.
4. Plaintiff received treatment for abdominal pain on April 4, 1997, from Dr. Elizabeth G. Livingston, an obstetrician-gynecologist at Duke University Medical Center, on referral from plaintiff's local doctor, Dr. Vu, whose medical reports are not a part of the record in this case.
5. As a result of lifting boxes of supplies on January 13, 1997, plaintiff sustained a musculoskeletal strain in her abdominal region.
6. There is insufficient medical evidence of record from which to prove by the greater weight that plaintiff sustained a hernia as a result of lifting boxes of supplies on January 13, 1997. The only physician who testified in this case, Dr. Livingston, felt no bulge and stated that she felt plaintiff's pain was most likely the result of a musculoskeletal strain.
7. On January 13, 1997, plaintiff was performing her job duties in her usual and customary manner when she sustained a musculoskeletal strain in her abdominal region and there was no interruption of her normal work routine likely to result in unexpected consequences.
***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. For an injury to be compensable, it must be shown to have resulted from an accident arising out of and in the course of employment. N.C. Gen Stat. § 97-2(6); Perry v. BakeriesCo., 262 N.C. 272, 136 S.E.2d 643 (1964).
2. An "accident" must involve more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Trudell v. Heating Air Conditioning Co.,55 N.C. App. 89, 284 S.E.2d 538 (1981).
3. On January 13, 1997, plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen.Stat. § 97-2(6).
4. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. Id.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER