Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer/employee relationship existed between the plaintiff and defendant/employer.
3. Plaintiff's rate of pay was $5.25 per hour for twenty to twenty-four hours per week, which yields an average weekly wage of $115.50.
4. Plaintiff alleges an injury by accident that occurred on June 10, 1996, resulting in an injury to the wrist and fingers.
5. The packet of medical records submitted by plaintiff's counsel to Deputy Commissioner Garner are admitted into evidence.
6. The defendant/employer denied liability, and the issues to be determined by the Commission are whether plaintiff suffered from an injury by accident as alleged, whether proper notice was given, and what benefits, if any, should plaintiff receive.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. On June 10, 1996, plaintiff worked for the defendant/employer as a biscuit maker. She arrived to work at 8:00 a.m.
2. On that morning, plaintiff was placing a biscuit pan into the warmer and had to move around a coworker to do so. As she reached into the warmer, she felt a pain in her left hand and it went numb. Plaintiff put some cold water on her hand and took aspirin for the pain.
3. The next day, plaintiff told her supervisor that her hand was swollen.
4. On June 12, 1996, plaintiff went to the emergency room. The medical records indicate that plaintiff had been experiencing pain in her left hand for two weeks and that the pain did not result from any trauma.
5. Plaintiff continued medical treatment and on September 18, 1996, plaintiff had an MRI. No contusions were found.
6. Plaintiff did not describe an injury by accident on June 10, 1996. Plaintiff was performing her normal and customary duties in a normal manner. When plaintiff made biscuits, it was not unusual for 2-3 other employees to be present in the work area.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On June 10, 1996, plaintiff was performing her duties in her usual and customary manner, and the evidence does not show any interruption in her normal work routine likely to result in unexpected consequences. Therefore, on June 10, 1996, plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-(6); Trudell v. Heating Air Conditioning Co.,55 N.C. App. 89, 284 S.E.2d 538 (1981).
2. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of August, 1999.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
LKM/bjp