Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On the date of plaintiffs alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On that date, an employment relationship existed between plaintiff-employee and defendant-employer.
3. Plaintiffs average weekly wage was $220.00.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was fifty-six years old.
2. Defendant-employer hired plaintiff as a shirt presser approximately four months prior to 28 June 1998. Plaintiffs regular work shift was from 8:00 a.m. to 4:30 p.m. As a shirt presser, plaintiff used three machines to press shirts: one machine pressed shirt collars and cuffs, another machine pressed shirt sleeves, and the third machine pressed shirt bodies. Plaintiff operated the sleeve and body machines with foot pedals. She used her left foot to depress the pedals to operate these machines.
3. Ordinarily, two persons worked as shirt pressers in defendant-employers laundry department. On 28 June 1998, plaintiff was the only shirt presser working in the laundry department. Consequently, plaintiff was responsible for pressing more shirts than usual.
4. Plaintiff testified at the hearing before the deputy commissioner that at approximately 12:30 p.m. on 28 June 1998, she began experiencing pain in her left knee. She had not slipped, tripped, or fallen. Nothing unusual occurred during the performance of her usual work duties on that date. Plaintiff did not know what caused her left knee pain.
5. Despite her increasing knee pain, plaintiff continued to work and completed her work shift on 28 June 1998. Plaintiffs supervisor, Ms. Moore, observed plaintiff rubbing her knee. Upon inquiry from Ms. Moore, plaintiff denied bumping or falling on her knee. Plaintiff reported to Ms.Moore that she had turned her left knee, but she did not know how she had turned her knee.
6. On 30 June 1998, plaintiff presented to St. Josephs Urgent Care where she reported that her left knee had begun hurting without any known trauma. She did not report any complaints of back pain. Plaintiff received a prescription for a soft wrap and was restricted from heavy lifting, pushing or pulling, and excessive walking. When plaintiff was re-evaluated on 2 July 1998, she was released to return to full duty work. Defendants did not direct plaintiff to seek treatment from this medical care provider.
7. At defendants direction, plaintiff presented to David F. Ward, M.D., on 3 July 1998. Plaintiff informed Dr. Ward that, "She had been at work and after a day of using several machines she works in the laundry area she noticed pain along the medial aspect of the knee with walking, stair climbing, general movement. Plaintiff also complained of experiencing left ankle pain after using a wrap around her knee. Dr. Ward diagnosed plaintiff as having knee and ankle sprains. Dr. Ward prescribed conservative treatment and restricted plaintiffs weight bearing activities for five days.
8. On 14 July 1998, plaintiff informed defendant-insurer that she did not know how she injured herself on 28 June 1998. Plaintiff noticed that her knee and ankle were swollen, but nothing unusual occurred while working on that date.
9. Plaintiff presented to Keith Ure, M.D., of Asheville Orthopedics on 3 August 1998. Plaintiff reported to Dr. Ure that her foot slipped off a machine pedal, which caused a twisting injury of her left knee and ankle. She noted the onset of low back pain immediately after the injury.
10. On 7 August 1998, plaintiff completed an Industrial Commission Form 18 Notice of Accident to Employer in which she stated that she sustained injuries to her "knee/back that were caused by "turning knee and overwork of back.
11. On 28 June 1998, plaintiff began experiencing left knee and ankle pain while performing her normal work routine in her usual and customary manner. Nothing unusual or unexpected occurred on that date that interrupted her normal work routine.
12. The evidence of record is insufficient to prove by its greater weight that plaintiffs back condition was caused, aggravated, or accelerated by anything occurring during her employment with defendant-employer.
13. There is no evidence of record that plaintiffs back, knee, or ankle conditions were caused by conditions that were characteristic of or peculiar to her employment with defendant-employer.
***********
The foregoing findings of fact and conclusions of law engender the following additional:
 CONCLUSIONS OF LAW
1. The mere fact that plaintiff was performing a task for her employer which involved a greater volume of shirt pressing than she was ordinarily assigned fails to establish that plaintiff sustained an injury by accident within the meaning of the Act.Dyer v. Livestock, Inc., 50 N.C. App. 291, 273 S.E.2d 321 (1981). Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. G.S.97-2(6).
2. Plaintiff failed to prove that her back, knee, and ankle conditions were due to causes and conditions that were characteristic of and peculiar to her employment with defendant-employer or that plaintiffs job with defendant-employer put her at an increased risk of contracting her back, knee, and ankle conditions as compared to members of the general public not so employed. G.S. 97-52(13).
3. Plaintiff is not entitled to compensation under the Act.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is DENIED.
2. Each party shall bear its own costs.
 S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER