The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr. and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. GAB Robins Insurance Company is the carrier on risk.
4. A Form 22 and other documentation relating to plaintiffs employment were submitted. An average weekly wage may be determined from this documentation.
5. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit 1. This documentation consists of records from Medac, Coastal Orthopaedics, Carolina Sports Medicine and New Hanover Regional Medical Center.
6. Industrial Commission forms and filings relating to this case were stipulated into evidence as Stipulated Exhibit 2.
7. The issues before the undersigned are: (i) whether plaintiff sustained an injury by accident out of and in the scope of his employment with defendant-employer; (ii) if so, what compensation, if any, is due plaintiff; and (iii) whether attorneys fees are justified pursuant to N.C.G.S. 97-88.1?
 *********** EVIDENTIARY RULINGS
The objections raised in the deposition of David A. Esposito, M.D., are OVERRULED.
 ***********
Based upon all of the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff began working for defendant-employer in 1996 and has worked continually for defendant-employer until November 12, 1998. Plaintiff was employed as a stocker and worked on third shift. Plaintiff normally worked five nights per week, of which at least three nights per week plaintiff unloaded trucks.
2. It was plaintiffs normal duties to stand in the back of the truck and load the freight in the truck onto a conveyor belt, which would take the load of materials into the store. Plaintiff would regularly unload trucks which contained televisions, generators, refrigerators, appliances and lawn mowers. As a stocker, plaintiff would unload a great deal of merchandise, which would require a lot of lifting. Plaintiff squatted to pick up boxes of various merchandise during his normal job duties. On November 12, 1998, plaintiff stooped to pick up a large television. Plaintiff contends he turned while rising with the television when he felt a pop in his knee.
3. Plaintiff remained at work for the remainder of his shift. Plaintiff would regularly lift large televisions during the course of his duties for defendant-employer.
4. Plaintiff further indicated it was not unusual to be squatting down to pick up a television.
5. Plaintiff did not fall, slip or twist before he felt the pop in his knee. Plaintiff indicated he did not strike his knee on anything when it popped and nothing unusual other than the popping occurred at the time of the injury.
6. Plaintiff picked up the television set in the usual manner that he regularly performed his duties as a stocker.
7. Plaintiff was out of work from November 13, 1998 through November 27, 1998. Plaintiff worked 5.68 hours from November 27, 1997 until December 11, 1998. Plaintiff again was out of work from December 12, 1998 through January 8, 1999. Plaintiff worked 7.77 hours from January 9, 1999 through January 22, 1999. Plaintiff was again out of work from January 22, 1999 until February 5, 1999 when he returned to light duty.
8. Plaintiff performed light duty for defendant-employer from February 5, 1999 through April 2, 1999.
9. Plaintiff returned to regular duty earning the same or greater wages on April 2, 1999.
10. Plaintiff has failed to prove that he suffered an injury by accident as a result of an interruption to his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On November 12, 1998, plaintiff did not sustain an injury from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences while working for defendant-employer. N.C.G.S. 97-2(6). Jackson v. HighwayCommission, 272 N.C. 697, 701, 158 S.E.2d 865, 868
(1968); Truedale v. Seven Lakes Heating AirConditioning, 55 N.C. 89, 284 S.E.2d 538 (NC 1991).
2. Plaintiffs claim, therefore, is not compensable under the provisions of the North Carolina Workers Compensation Act. N.C.G.S. 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This 19th day of December 2000.
 S/________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________________ CHRISTOPHER SCOTT COMMISSIONER
S/_____________________ LAURA K. MAVRETIC COMMISSIONER