The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of payment for medical compensation.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pre-trial agreement and at the hearing before the deputy commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 26 August 1999, an employment relationship existed between plaintiff-employee and defendant-employer.
3. On 26 August 1999, defendant-employer was originally self-insured by North Carolina School Board Trust but by the time of the hearing before the Deputy Commissioner, Key Risk Management Services had become the Third-Party Administrator.
4. Plaintiff's average weekly wage is to be determined.
5. Plaintiff's medicals regarding this claim are admitted into evidence as Stipulated Exhibit #1.
6. Documents regarding a complaint to OSHA are admitted into evidence as Stipulated Exhibit #2.
7. A copy of plaintiff's W-2 from 2000 is admitted into evidence as Stipulated Exhibit #3.
8. Copies of plaintiff's payroll documents are admitted into evidence as Stipulated Exhibit #4.
9. The following Industrial Commission Forms are admitted into evidence as Stipulated Exhibit #5: Forms 18, 19, 33, 33R and 61.
10. The issues to be determined are whether plaintiff sustained an ear/hearing injury arising out of and in the course of her employment with defendant-employer on 26 August 1999; and, if so, to what benefits is she entitled.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 26 August 1999, plaintiff was sixty years old and employed by defendant as a first-grade teacher's assistant at Brogden Primary School. Plaintiff had been employed in this capacity approximately twenty-five years.
2. On 26 August 1999, there was a fire drill at the school. The children had recently started school, and this was the first fire drill of the 1999-2000 school year. Plaintiff's duties when the fire drill occurred were to close the blinds, check the bathroom, close the classroom door and stand in the back of the line until the students were cleared to exit and then return to the classrooms.
3. Due to school construction, the plaintiff's class was unable to exit their normal door. The fire alarm system was located to the right of the restroom. Because plaintiff's class was the third class back from their new exit, plaintiff had to wait longer to get out the door. Plaintiff was located in a closer proximity to the fire alarm than she had been before, and the fire alarm was louder than before.
4. During the last week in August 1999, plaintiff began experiencing a ringing in her right ear. The fire alarm was located to plaintiff's right during the drill on 26 August 1999. Plaintiff had not experienced right ear problems prior to August 1999.
5. Plaintiff did not immediately associate her right ear problems with the fire drill. Plaintiff sought treatment from Dr. Michael Johnson at Goldsboro ENT on 23 September 1999. At that time plaintiff experienced a constant sound in her right ear similar to listening to a can or seashell. Dr. Johnson at that time diagnosed tinnitus due to age, but plaintiff had not informed him about the fire alarm.
6. Plaintiff was out of work for causes unrelated to her right ear problems during October, November and December of 1999.
7. During the beginning of 2000, plaintiff continued to experience right ear problems. During an April 2000 fire drill, plaintiff felt shooting pain in her right ear which continued for a while after the alarm ended. Plaintiff reported to the principal, Barbara Wilkins, that the loud fire drill was causing her problems.
8. Plaintiff returned to Dr. Johnson on 26 April 2000 and reported worsening of the tinnitus due to the loud alarm at the school.
9. On 17 May 2000, the dBA's for the fire drill were tested and found to be 99, which is at the high end of the scale. The fire alarm was adjusted from 99 to the standard 93.
10. Although plaintiff's tinnitus was caused by progressive nerve damage due to aging, her condition was significantly aggravated by the loud alarm at school. At plaintiff's last appointment with Dr. Johnson on 2 January 2001, Dr. Johnson stated that the right-sided tinnitus continued but that plaintiff was back to baseline level. Therefore, there is insufficient medical evidence of record to prove by the greater weight that plaintiff's tinnitus after 3 January 2001 is causally related to the injury by accident.
11. At the time of the hearing before the Deputy Commissioner, plaintiff still experienced a constant ringing in her right ear. Plaintiff has relocated to a different hallway at work that is further away from the fire alarm. Additionally, defendant-employer warns plaintiff ahead of time prior to a fire alarm so she can exit the building prior to the alarm.
12. Plaintiff has not missed any days from work as a result of her right ear problems.
13. The greater weight of the evidence is that the unusual conditions relating to the 26 August 1999 fire drill aggravated plaintiff's right ear problems, diagnosed as tinnitus.
14. The loud ringing of the fire alarm on 26 August 1999 combined with the re-routing of students' exits due to school construction resulting in plaintiff's exposure to the fire alarm for a longer period of time than in the past constituted an unusual condition and interruption of plaintiff's work routine resulting in unforeseen circumstances.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The loud ringing of the fire alarm and re-routing of the students on 26 August 1999 was an unusual event and interruption of plaintiff's work routine. Therefore, on 26 August 1999, plaintiff sustained an injury by accident resulting out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6), Calderwood v.Charlotte-Mecklenburg Hosp. Auth., 135 N.C. App. 112, 519 S.E.2d 61
(1999); Trudell v. Heating and Air Conditioning Co., 55 N.C. App. 89,284 S.E.2d 538 (1981).
2. Plaintiff is entitled to have defendants provide medical treatment arising from her injury to the extent it tends to effect a cure, give relief or lessen plaintiff's period of disability. N.C. Gen. Stat. §97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff's medical expenses incurred as a result of her compensable injury on 26 August 1999 for her visits to Goldsboro ENT Associates from 23 September 1999 through 3 January 2001, when bills for same have been submitted to the Industrial Commission.
2. Defendants shall pay the costs.
This the ___ day of December 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER