***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly denominated in the caption.
2. An employee-employer relationship existed at the time of the alleged accident.
3. Zenith Insurance Company was the carrier on the risk at the time of the alleged accident.
4. As of the date of the alleged accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
5. All parties are properly before the Commission for hearing and the Commission has jurisdiction of the parties and subject matter.
6. The date of the alleged accident is 28 December 2000 and took place in Lucama, North Carolina.
7. Plaintiff's average weekly wage is $500.00.
 ***********
Based upon all the competent evidence of record, the Full Commission finds as fact and concludes as a matter of law the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 41 years old and living in Wilson, North Carolina. He is a high school graduate.
2. Prior to working with defendant-employer, plaintiff worked as a millwright and a welder for over 10 years.
3. Plaintiff was hired as a millwright by defendant-employer and began work on 6 December 2000. Plaintiff's job with defendant-employer required plaintiff to perform some welding, fabricating, and moving of equipment with a forklift. Plaintiff was also required to use C-clamps while performing these duties. Plaintiff testified that prior to his injury, he had used C-clamps many times while working with defendant-employer as well as in his previous employment.
4. On 29 December 2000, plaintiff was working with two other employees to move a dock ramp with a forklift. They used C-clamps to secure the ramp to the forks since the ramp was longer than the forks on the forklift. As the moving part of the C-clamp is turned by hand, it secures the ramp to the forks by squeezing the two together.
5. Plaintiff testified that as he put the last turn on the C-clamp to tighten it up, he felt a pop and experienced the onset of pain in his right arm. Plaintiff also testified that he was using the C-clamp in the manner he had been trained when the injury occurred.
6. Plaintiff went to Nash General Hospital on 30 December 2000. The emergency room physician's note indicates that plaintiff's pain started: "last PM — while opening Pepsi, also back spasms." The nursing assessment note from Nash General Hospital states: "Pt. has pulled muscle and bruising on R arm — happened while opening bottle; area is bruised." Plaintiff was prescribed medications, told to apply heat, and was released. The emergency room physician did not take plaintiff out of work.
7. Plaintiff returned to work with defendant-employer following the injury. Plaintiff did not miss any work due to his injury. Defendant-employer ultimately terminated Plaintiff for excessive absenteeism.
8. Thereafter, plaintiff found a job in March 2001 with Construct, a fabrication shop in Wilson. Plaintiff was paid $14.00 per hour by Construct, which was $3.00 more per hour than he was earning with defendant-employer.
9. On 28 March 2001, plaintiff presented to orthopedic surgeon Dr. Robert C. Martin with complaints of weakness and pain in the right arm bicep. Following an examination, Dr. Martin found "an obvious deformity in the anterior aspect of the right arm in the region of the biceps muscle." Plaintiff had "shortening of the biceps contour distally," and "the long head of the biceps tendon was not palpable at the elbow." In addition, plaintiff had "mild weakness with resisted elbow flexion and also with supination." Otherwise, plaintiff's exam was normal. Dr. Martin diagnosed plaintiff with a rupture of the distal biceps tendon. Dr. Martin discussed with plaintiff a surgical option and a non-surgical option where plaintiff might expect to recover to a certain degree, and then would have to decide whether that was satisfactory. Plaintiff decided to wait for a period of three to six months and see to what level he could recover without surgery. Plaintiff did not return to Dr. Martin.
10. Dr. Martin opined that the type of injury plaintiff sustained was due to "putting a stressful load on the elbow in flexion and supination." The specific event precipitating the injury is usually where "a sudden increase in weight was applied or they themselves tried to suddenly and forcefully flex and supinate the arm beyond what the initial load or force was placed on. So it's usually a sudden increase in force . . . but it's generally a fairly dramatic event."
11. The greater weight of the evidence of record, including plaintiff's own testimony, shows that plaintiff was performing his regular job in the usual and customary manner when tightening the C-clamp. Plaintiff did not experience an interruption of his normal work routine and thus did not experience an accident arising out of his employment.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSION OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment on or about 29 December 2000. N.C. Gen. Stat. § 97-2(6). The mere fact of injury does not of itself establish the fact of accident. Reams v. Burlington Indus., 42 N.C. App. 54,255 S.E.2d 586 (1979). The accident must be a separate event preceding and causing the injury. Davis v. Raleigh Rental Center, 58 N.C. App. 113,292 S.E.2d 763 (1982). No matter how great the injury, if it is caused by an event that involves both an employee's normal work routine and normal working conditions, it will not be considered to have been caused by an accident. There must be some new circumstance not a part of the usual work routine in order to find that an accident has occurred. Swindell v.Davis Boat Works, Inc., 78 N.C. App. 393, 337 S.E.2d 592 (1985), cert.denied and appeal dismissed, 316 N.C. 385, 342 S.E.2d 908 (1986).
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusion of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits must be, and the same is hereby, DENIED.
2. Defendants shall pay the costs, including an expert fee to Dr. Martin as previously approved by the Commission.
This the ___ day of May, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER