I concur in finding that plaintiff has failed to prove that she sustained a compensable injury by accident pursuant to the Workers' Compensation Act; however, I would further illustrate the well-settled tenet that an injury that occurs under normal work conditions is not considered an accident arising out of employment for purposes of N.C. Gen. Stat. § 97-2(6). Trudell v. Seven Lakes Heating Air ConditioningCo., 55 N.C. App. 89, 284 S.E.2d 538 (1981); Poe v. Acme Bldrs.,69 N.C. App. 147, 316 S.E.2d 338, cert. denied, 311 N.C. 762, 321 S.E.2d 22
143 (1984).
Our courts have routinely held that no matter how great a claimant's injury, if it is caused by an event that involves both an employee's normal work routine and normal working conditions, it will not be considered to have been caused by an accident. Swindell v. Davis BoatWorks, Inc., 78 N.C. App. 393, 337 S.E.2d 592 (1985), cert. denied,316 N.C. 385, 342 S.E.2d 908 (1986). Further, once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine, or otherwise an injury by accident under the Act. Bowles v. CTS of Asheville, Inc.,77 N.C. App. 547, 335 S.E.2d 502 (1985).
In the present case, the evidence of record shows that it was a normal part of plaintiff's work routine for plaintiff, a teacher's assistant, to sit in child-sized chairs during the course and scope of her employment in order to work at the eye level of her students. Thus, the injury plaintiff sustained to her right knee while standing up from the child-sized chair occurred under normal work conditions and is, thus, not an accident arising out of employment for purposes of N.C. Gen. Stat. § 97-2(6). Consequently, I concur in the denial of plaintiff's claim.
This 18th day of July 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER