I respectfully dissent from the majority's decision holding that plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. I believe the competent testimony and evidence of record fails to establish that plaintiff's performance of the body maker adjustor position on January 29, 2006 constituted an interruption of his regular work routine or an introduction of unusual circumstances likely to result in unexpected consequences.
Plaintiff worked as a body maker adjuster on 27 different occasions in the 7 months prior to the date of the injury. His performance of the body maker adjuster position was not unusual nor was it an interruption of his regular work routine. The only circumstance that was different on January 29, 2006 was that plaintiff had to do more squatting and stair climbing than he had done before. An unusual volume of ordinary job activities does not constitute an accident pursuant to N.C. Gen. Stat. § 97-2(6). Reams v. Burlington Industries, 42 N.C. App. 54,255 S.E. 2d 586 (1979).
For these reasons, I believe the Opinion and Award of Deputy Commissioner Chapman should be adopted and plaintiff's claim should be denied.
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1