* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Harris with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Employer-Employee relationship existed between plaintiff and defendant-employer in that plaintiff was employed by defendant-employer on June 28, 2005. *Page 2 
2. On June 28, 2005, the parties were subject to and bound by the provisions of the Workers' Compensation Act, and the defendant-employer was insured by Liberty Mutual Insurance Company.
3. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
4. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
5. Plaintiff informed all medical providers the same, in that he injured his shoulder throwing tires and did not say that one tire hit another tire when he was throwing them.
6. Plaintiff's average weekly wage is $884.14.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 46 years old. He is a high school graduate with no specialized training. He has worked with defendant-employer for over 28 years. Prior to suffering his injury on June 28, 2005, plaintiff had not experienced any pain in his left shoulder and had never missed any work because of left shoulder problems.
2. On June 28, 2005, plaintiff was working as a warehouse trucker. His job duties in that position were basically to operate a forklift to load pallets of tires onto boxcars and trucks. *Page 3 
3. As plaintiff was transporting pallets of tires, all of the tires fell off of one of the pallets. Having the tires fall off a pallet happened to plaintiff about once a week. There was no other employee designated to pick up tires when they fell off a pallet.
4. The tires were all over the floor and blocking the path for other forklift drivers, so plaintiff got off his forklift and began to reload them onto the pallet.
5. The tires were light truck radials and weighed about 45 pounds apiece. As he loaded the tires back onto the pallet, plaintiff would pick up two tires at a time, one in each hand, and sling them back up onto the pallet.
6. As plaintiff slung one tire with his left arm, while the tire was still in his hand, it unexpectedly struck another tire that plaintiff had already loaded onto the pallet. Plaintiff dropped the tire and grabbed his left shoulder in pain. Plaintiff testified that he was not expecting one tire to hit another when he was throwing tires because that was not something that normally happened.
7. Plaintiff's co-worker, Mike Syfrett, who has also worked with defendant-employer for over 28 years, witnessed this entire sequence of events. His testimony corroborated plaintiff's account of the events.
8. Plaintiff immediately went to the office of his supervisor, Donald Mebane, and reported the accident. Mr. Mebane took a written report and sent plaintiff to the plant nurse.
9. The plant nurse placed plaintiff in light duty work.
10. Defendants have denied the claim contending that there was "no injury by accident."
11. Plaintiff underwent an MRI on July 21, 2005 that showed a partial rotator cuff tear in his left shoulder. *Page 4 
12. On November 3, 2005, plaintiff began treating with Dr. Kevin Speer, an orthopedist, who wrote plaintiff out of work effective November 4, 2005.
13. Following the failure of conservative treatment, Dr. Speer performed arthroscopic surgery to repair plaintiff's left shoulder on November 16, 2006.
14. On April 19, 2006, after plaintiff had undergone a course of physical therapy, Dr. Speer found plaintiff to be at maximum medical improvement, assigned a 10% permanent partial disability rating to plaintiff's left arm, and discharged plaintiff from his care with no work restrictions.
15. Plaintiff returned to work with defendant-employer at full duty on April 20, 2006.
16. During the period from November 4, 2005 through April 19, 2006 that plaintiff was out of work because of his left shoulder injury, plaintiff received net short-term disability payments of $305.22 per week. The short-term disability plan was fully funded by defendant-employer.
17. Plaintiff's general health insurance paid all the bills for his medical treatment for his left shoulder injury, except for about $500.00 that plaintiff paid out-of-pocket for co-payments and deductibles.
18. Plaintiff's and Mr. Syfrett's testimony as to the events that led to plaintiff's left shoulder injury is found by the undersigned to be credible.
19. The medical treatment that plaintiff has heretofore received for his left shoulder injury, including but not limited to that provided by or recommended by Dr. Speer and the company doctor, Dr. Atassi, has been reasonably necessary to effect a cure, provide relief and lessen the period of plaintiff's disability. *Page 5 
20. Plaintiff was unable to earn the same wages he was earning at the time of his injury in the same or any other employment from November 4, 2005 through April 19, 2006, due to his injury by accident.
21. Plaintiff's compensation rate is $589.46.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of an in the course of employment. N.C. Gen. Stat. § 97-2(6). Plaintiff must show that the incident constituted an interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Adams v. Burlington Industries, Inc.,61 N.C. App. 258, 300 S.E.2d 455 (1983). In this case, on occasion, plaintiff had to throw tires that had fallen off of pallets in the course of his work. However, on June 28, 2005, while throwing tires that had fallen off of a pallet, plaintiff's work routine was interrupted and unusual conditions were introduced when, while throwing tires back on the pallet, one tire that was still in his hand hit another tire, causing injury to plaintiff's shoulder. Thus, plaintiff suffered a compensable injury by accident to his left shoulder on June 28, 2005. N.C. Gen. Stat. § 97-2(6).
2. Since plaintiff was unable to earn his pre-injury wages in the same or any other employment, he is entitled to temporary total disability compensation for the period from November 4, 2005 through April 19, 2006. N.C. Gen. Stat. § 97-29. *Page 6 
3. Defendants are entitled to a full credit of $305.22 per week for the short-term disability payments they made to plaintiff during the period from November 4, 2005 through April 19, 2006. N.C. Gen. Stat. § 97-42.
4. Plaintiff is entitled to have defendants reimburse him for his out-of-pocket expenses incurred for treatment of his compensable left shoulder injury. N.C. Gen. Stat. §§ 97-2(19), 97-25.
5. Plaintiff is entitled to 24 weeks of compensation for the 10% permanent partial disability of his left arm. N.C. Gen. Stat. § 97-31.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following:
 AWARD
1. Subject to the attorney's fee provision below, defendants shall pay to plaintiff, in a lump sum, temporary total disability compensation at the rate of $589.46 per week for the period from November 4, 2005 through April 19, 2006, less a credit of $305.22 per week for that period.
2. Subject to the attorney's fee provision below, defendants shall pay to plaintiff, in a lump sum, permanent partial disability compensation equal to 24 weeks at $589.46 per week for the 10% impairment which plaintiff has sustained as a result of the compensable injury.
3. As plaintiff's attorney's fees, defendants shall make 25 percent of the total amount calculated per Paragraphs 1 and 2 above payable directly to plaintiff's counsel. *Page 7 
4. Defendants shall reimburse plaintiff for his out-of-pocket expenses incurred for medical treatment he has heretofore received for his compensable left shoulder injury, including but not limited to that provided by or recommended by Dr. Speer and the company doctor, Dr. Atassi.
5. Defendants shall pay the costs.
This the 28th day of August, 2007.
 S/______________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
S/______________________ BUCK LATTIMORE CHAIRMAN
S/______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1