JIMMY ADAMS, PLAINTIFF-EMPLOYEE v. BURLINGTON INDUSTRIES, INC., DEFENDANT-EMPLOYER, AND AMERICAN MOTORISTS INSURANCE COMPANY, DEFENDANT-INSURANCE CARRIER

No. 8210IC389

(Filed 15 March 1983)

**Master and Servant § 55.3— workers' compensation—evidence supporting injury by accident**

    In a workers' compensation proceeding, the evidence before the Commission was sufficient for it to find there was "an interruption of the plaintiff's normal work routine and the introduction of new circumstances not a part of his normal routine" and to support the conclusion that plaintiff's injury resulted from an "accident," where the evidence tended to show that plaintiff's normal job involved taking chairs off a conveyor belt, turning them upside down, putting them in cartons and stapling the carton tops closed but that his job on the date of the injury was to put a cardboard tray on the conveyor belt, place a chair on the tray, and cover the chair with plastic.

APPEAL by defendants from the North Carolina Industrial Commission Opinion and Award of 12 February 1982. Heard in the Court of Appeals 17 February 1983.

This action involves a claim by plaintiff for disability benefits under the Workers' Compensation Act for injuries to his back as a result of an accident arising out of the course of his employment with defendant-employer (hereinafter "Burlington"). Plaintiff began his employment as a packer-stenciler for Burlington in April 1979. His job involved taking chairs off a conveyor belt, turning them upside down, putting them in cartons and stapling the carton tops closed. On 23 October 1979 plaintiff was asked to work on the "hot box" because the worker who normally operated it was absent that day. The "hot box" job involved putting a cardboard tray on the conveyor belt, placing a chair on the tray and covering the chair with plastic. The conveyor belt transported the chair through the "hot box" which shrank the plastic around the chair. Plaintiff began working on the "hot box" at 7:00 a.m. and worked until 10:30 a.m., when he felt a tingle in his left hip and a sharp pain in his back. He reported the injury to his supervisor but continued working for the remainder of the day. He experienced some pain but returned to his regular job for the remaining three days of the week.

Plaintiff received intermittent medical treatment and continued to work sporadically until he was laid off by Burlington on 16 January 1980. Plaintiff has not worked for Burlington since that date.

In March 1980, plaintiff was diagnosed by Dr. Richard Adams, an orthopedic surgeon, as having a herniated fifth lumbar disc. A hemilaminectomy was performed on plaintiff on 7 July 1980.

Based upon these facts, the Deputy Commissioner concluded as a matter of law that plaintiff sustained an injury on 23 October 1979 arising out of and during the course of his employment with Burlington and that as a result of the injury, plaintiff was temporarily totally disabled from 13 March 1980 to 1 September 1980. Defendants were ordered to pay plaintiff compensation at the rate of $108.54 per week from 13 March 1980 to 1 September 1980. Upon appeal by defendants, the full Commission on 12 February 1982 affirmed the Opinion and Award of the Depu-

ty Commissioner. Defendants appeal to this Court from that decision.

*Finger, Park and Parker by M. Neil Finger for plaintiff appellee.*

*Tuggle, Duggins, Meschan, Thornton & Elrod by Joseph F. Brotherton for defendant appellants.*

BRASWELL, Judge.

Under the North Carolina Workers' Compensation Act, an injury arising out of and in the course of employment is compensable only if caused by an "accident." G.S. 97-2(6); *Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 264 S.E. 2d 360 (1980). The primary question raised by defendants in this appeal is whether plaintiff's back injury resulted from an "accident."

> "Our Supreme Court has defined the term 'accident' as used in the Workers' Compensation Act as 'an unlooked for and untoward event which is not expected or designed by the person who suffers the injury.' *Hensley v. Cooperative*, [246 N.C. 274, 278, 98 S.E. 2d 289, 292 (1957)]; *accord, Rhinehart v. Market*, [271 N.C. 586, 157 S.E. 2d 1 (1967)]. The elements of an 'accident' are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences. [Citations omitted]"

*Porter v. Shelby Knit, Inc., supra*, at 26, 264 S.E. 2d at 363.

Defendants argue that plaintiff was not injured as the result of an accident in that he was working at his regular job at the time the injury occurred. Plaintiff's supervisor testified that plaintiff was expected to fill in when other employees were absent and had worked at the hot box on previous occasions. Defendants contend that plaintiff's regular job and the hot box job involved the same amount of exertion, but in reverse order.

The findings of fact relating to the accident issue are finding number 1 which states in part that in his regular job, "plaintiff was not required to turn or twist his body in any direction" and finding number 4 which reads as follows:

> "4. That the plaintiff was required to turn and twist his body in order to lift chairs on the occasion complained of was

different from his normal routine of lifting chairs with his upper torso in a straight posture and was sufficiently different from the way plaintiff normally lifted to constitute an interruption of the plaintiff's normal work routine and the introduction of new circumstances not a part of his normal routine. Thus, plaintiff sustained an injury by accident arising out of and during the course of his employment with the defendant employer."

The findings are supported by testimony of plaintiff and his co-worker Bill Edwards that plaintiff's regular job was that of a packer-stenciler, which involved taking chairs from the conveyor belt, turning them upside down, putting them in cartons and then stapling the cartons closed. His duties on the hot box job were to pick up chairs, to place them on the hydraulic box, to reach and twist around, and to pick chairs up and place them on the tray on the conveyor belt. On 23 October 1979 plaintiff was performing the hot box job, twisted around to pick up a chair and felt a sharp pain in his hip. Plaintiff demonstrated the various positions in which he performed his regular and the hot box jobs. He stated that in comparing the two jobs, there was not as much twisting around in his regular job. On the hot box, plaintiff had to pick up all the chairs on the conveyor belt, while in his regular job he picked up every third, fourth or fifth chair.

We find that plaintiff's testimony constituted competent evidence from which the Deputy Commissioner (and the Full Commission by adoption) could have found that there was "an interruption of the plaintiff's normal work routine and the introduction of new circumstances not a part of his normal routine." The findings of fact are conclusive on appeal if there was any competent evidence to support them. *Jackson v. Highway Commission*, 272 N.C. 697, 700, 158 S.E. 2d 865, 867 (1968); *Locklear v. Robeson County*, 55 N.C. App. 96, 284 S.E. 2d 540 (1981). The findings are thus binding on this Court, even though the evidence presented could possibly have supported findings to the contrary. *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960).

The facts found by the Deputy Commissioner and adopted by the Full Commission support the conclusion that plaintiff's injury resulted from an "accident." Although increased volume of work is not sufficient in itself to constitute an interruption of the nor-

mal work routine or the introduction of new circumstances not part of the usual work routine, *Dyer v. Livestock, Inc.*, 50 N.C. App. 291, 273 S.E. 2d 321 (1981); *Reams v. Burlington Industries*, 42 N.C. App. 54, 255 S.E. 2d 586 (1979), the combined extra exertion and twisting movements required by the hot box job do support the conclusion that plaintiff's injury resulted from an unexpected and unforeseen event not anticipated or designed by the employee. *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962). The work routine of plaintiff's lifting chairs with his upper torso in a straight posture was interrupted by the introduction of the turning and twisting movements required by the hot box job. We hold that the Commission properly concluded as a matter of law that plaintiff sustained an injury by "accident." *Gladson v. Piedmont Stores*, 57 N.C. App. 579, 292 S.E. 2d 18 (1982); *Locklear v. Robeson County, supra; Porter v. Shelby Knit, Inc., supra.*

We have carefully examined defendants' other contentions, and we find no basis for reversal. The Opinion and Award of the Industrial Commission is

Affirmed.

Judges HEDRICK and WHICHARD concur.