ROZANNE CALDERWOOD, EMPLOYEE, PLAINTIFF v. THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, EMPLOYER; TRIGON ADMINISTRATORS, CARRIER, DEFENDANTS

No. COA98-1033

(Filed 21 September 1999)

**Workers' Compensation— injury in usual course of work— labor and delivery nurse**

An Industrial Commission opinion and award denying compensation to a labor and delivery nurse was reversed where the nurse injured her shoulder while lifting the leg of a heavy patient. There was a complete lack of evidence to support findings that plaintiff's injuries occurred while performing her usual employment duties in the usual way; the fact that her job responsibilities included assisting patients who received epidurals resulting in a total block was not dispositive. There was no evidence that plaintiff's regular work routine required lifting the legs of women weighing 263 pounds who had received epidurals resulting in total blocks.

Appeal by plaintiff from Opinion and Award filed 26 March 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 August 1999.

*Cecil R. Jenkins, Jr. for plaintiff-appellant.*

*Morris, York, Williams, Surles & Barringer, L.L.P., by Anna L. Baird, for defendant-appellees.*

GREENE, Judge.

Rozanne Calderwood (Plaintiff) appeals from the Opinion and Award of the North Carolina Industrial Commission (Commission) in

favor of The Charlotte-Mecklenburg Hospital Authority (Defendant-Hospital) and Trigon Administrators (Defendant-Carrier).

On 2 October 1995, Plaintiff worked for Defendant-Hospital as a Staff II Nurse in Labor and Delivery. She had worked there for eleven years prior to October 1995. Plaintiff's work duties included monitoring labor patients, circulating patients for deliveries and C-sections, recovery room care, and care of newborns. Plaintiff testified that at about 12:30 p.m. on 2 October 1995, she admitted a patient for labor induction. Dr. Newman, M.D. (Dr. Newman) ordered an epidural for the patient and Wes Robinson, M.D. (Dr. Robinson) administered the epidural. The patient remained uncomfortable after the epidural, so Dr. Robinson rebolused the epidural two or three times and gave the patient I.V. Stadol for pain.

At 4:30 p.m., Dr. Newman advised Plaintiff the patient was ready to start pushing; however, the epidural had caused a total block. In other words, the patient was unable to move her legs and consequently was unable to assist in the delivery. To assist the patient in her delivery Plaintiff lifted the patient's right leg with her left hand, until the patient was able to grab behind her thigh, and conducted perineal massage using her right hand. Plaintiff repeated this procedure during contractions for thirty minutes. The patient's husband lifted her left leg.

Plaintiff testified that her work frequently required her to assist patients in delivery and this sometimes involved assisting patients in the lifting of their legs. She stated, however, in this case the patient's leg was unusually heavy because the patient was five feet, three inches tall, and weighed 263 pounds. In addition, this delivery was unusual because the patient could not assist with lifting her legs. Plaintiff testified this delivery was the first time she had, with this employer, been responsible for lifting the leg(s) of a patient during a delivery without receiving any assistance from the patient.

In the evening after the 2 October delivery, Plaintiff noticed an ache in her left shoulder, and two days later she reported this to her supervisor. On 17 January 1996, Plaintiff underwent arthroscopic surgery which revealed a partial thickness tear in her left rotator cuff. She has not returned to work for Defendant-Hospital or any other employer since the surgery.

Denise White (White), Plaintiff's supervisor and the nurse manager for obstetrical and neonatal services at Defendant-Hospital, tes-

tified that about 75 percent of labor and delivery patients at Defendant-Hospital receive an epidural, and about 80 percent of the patients deliver vaginally. She further stated the range of patients in labor and delivery vary from "[v]ery young, very old, very small, very large." The desired effect of an epidural "is that [the] patient to be able to have relief for the pain but yet still feel some pressure so they can push." While patients do not usually have a total block, a total block "can occur," although White could not state "how often that occurs." She further stated "a patient may have a very heavy epidural where they have heavy legs," and lifting a patient's legs during delivery is a "job expectation."

White testified concerning the events that took place on 2 October 1995, as follows:

Q: Have—the events that [Plaintiff] described on October 2nd, 1995, are those typical events within the usual course and scope of this employment or was there something unusual?

A: All of the things that she described could happen during the course of labor and delivery, the pushing, the epidural with the heavy block versus a light block. Those are all things that could happen within the course of the interpartum period. Like I said, that's a very varied—it's hard to give a normal or typical, but those are all things that could happen during labor.

The Commission made the following pertinent findings of fact and conclusions of law:

### Findings of Fact

13. . . . Plaintiff's injury occurred while performing her usual employment duties in the usual way. . . .

14. While [P]laintiff did suffer some bodily injury on October 2, 1995, the injury was not a result of any unforeseen or unusual event and is therefore not a compensable injury by accident.

### Conclusions of Law

1. On October 2, 1995, the [P]laintiff sustained an injury on the job that was not an injury by accident . . . .

2. Plaintiff's work related injury is not compensable.

CALDERWOOD v. CHARLOTTE-MECKLENBURG HOSP. AUTH.

[135 N.C. App. 112 (1999)]

3.  Plaintiff, not having carried her burden of proving an injury by accident and resulting disability, is not entitled to compensation under the Workers' Compensation Act.

The Commission therefore denied Plaintiff's claim for compensation.

---

The dispositive issue on appeal is whether there is competent evidence in this record to support the finding that Plaintiff's injuries "occurred while performing her usual employment duties in the usual way."

Under the North Carolina Workers' Compensation Act, an injury arising out of and in the course of employment is compensable only if it is caused by an "accident," and the claimant bears the burden of proving an accident has occurred. *See* N.C. Gen. Stat. § 97-2 (6) (Supp. 1998); *Morrison v. Burlington Industries*, 304 N.C. 1, 13, 282 S.E.2d 458, 467 (1981) (claimant has the burden of showing an injury arising from an accident during the scope of employment has occurred). An accident is "an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." *Adams v. Burlington Industries*, 61 N.C. App. 258, 260, 300 S.E.2d 455, 456 (1983) (citations omitted). An accident therefore involves "the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences." *Id.*

"In an appeal from a decision by the Industrial Commission, the scope of review is limited to a determination of whether the Commission's findings of fact are supported by competent evidence and whether the conclusions of law are supported by the findings." *Hemric v. Manufacturing Co.*, 54 N.C. App. 314, 316, 283 S.E.2d 436, 437-38 (1981), *disc. review denied*, 304 N.C. 726, 288 S.E.2d 806 (1982). This Court therefore is bound by findings of fact based on competent evidence "even though the record contains evidence that would support contrary findings." *Smith v. Burlington Industries*, 35 N.C. App. 105, 106-07, 239 S.E.2d 845, 846 (1978). The Commission's findings of fact may be set aside, however, when "there is a complete lack of competent evidence to support them." *Click v. Freight Carriers*, 300 N.C. 164, 166, 265 S.E.2d 389, 390 (1980).

In this case, there is a complete lack of competent evidence to support the findings that Plaintiff's injuries "occurred while performing her usual employment duties in the usual way," and were "not a result of any unforeseen or unusual event." The undisputed evidence is that Plaintiff had never in her eleven years of work with Defendant-

Hospital assisted a patient in child delivery where she was required, without any assistance from the patient, to lift the leg(s) of the patient, especially a patient weighing 263 pounds. The fact that her job responsibilities did include assisting patients who received epidurals resulting in a total block is not dispositive. The question is whether her regular work routine required lifting the legs of women weighing 263 pounds who had received epidurals resulting in total blocks, *see Gladson v. Piedmont Stores*, 57 N.C. App. 579, 580, 292 S.E.2d 18, 19 (1982) (injury caused by interruption of employee's "regular work routine" constitutes accident); *Gabriel v. Newton*, 227 N.C. 314, 317-18, 42 S.E.2d 96, 98 (1947) (injury caused by overexertion constitutes accident), and there is no evidence that it did. Accordingly, the Opinion and Award of the Commission is reversed.

Reversed and remanded.

Judges TIMMONS-GOODSON and HORTON concur.