There is no evidence, and the majority makes no finding, that plaintiff ever in her working life was confronted with the circumstances which confronted her in the present case and which led directly to her injury. This is, therefore, by definition, injury by accident and is compensable under North Carolina law.
The majority and the Deputy Commissioner have, in my view, ignored the time-honored mandate of the North Carolina Supreme Court that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence."Doggett v. South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp., 349 N.C. 676, 509 S.E.2d 411
(1998).
The Worker's Compensation Act in North Carolina is an embodiment of the General Assembly's intent to "compel industry to take care of its own wreckage." Hyler v. G.T.E. Products Co., 333 N.C. 258 at 268,426 S.E.2d 698, 704 (1993). "The Worker's Compensation Act is to be construed liberally, and benefits are not to be denied upon technical, narrow or strict interpretation of its provisions." Matthews v.Charlotte-Mecklenburg Hospital, 132 N.C. App. 11, 21, 510 S.E.2d 388, 195, dis. rev. den. 350 N.C. 834, ___ S.E.2d ___ (1999); Dayal v.Provident Life, 71 N.C. App. 131, 132, 321 S.E.2d 452, 453 (1984).
My vote is to reverse the Deputy Commissioner and pay the benefits to the injured worker that North Carolina law demands.
Even if all of the circumstances had been present in plaintiff's work life over the course of that work life, the concurrence of them so closely in time as to engender accidental injury is the compensable accident. There are many musicians who can play a whole orchestra of instruments individually but a one-man-band is few and far between and is unusual within the meaning of the Workers' Compensation Act.
See also Rozanne Calderwood, Employee, Plaintiff; v. TheCharlotte-Mecklenburg Hospital Authority, Employer; TrigonAdministrators, Carrier, Defendants, 135 N.C. App. 112, 519 S.E.2d 61
(1999).
This 20th day of August 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER