I respectfully dissent from the majority's decision to affirm the Deputy Commissioner's Opinion and Award which held that plaintiff failed to prove that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
Under the North Carolina Workers' Compensation Act, an on-the-job incident resulting in a shoulder injury, as in the case at bar, is compensable only if it is caused by an "accident" and the worker bears the burden of proving that an accident occurred. Morrison v. BurlingtonIndustries, 304 N.C. 1, 282 S.E.2d 458 (1981). An accident is defined as the interruption of the work routine and the introduction of unusual conditions likely to result in unexpected consequences. Adams v.Burlington Industries, 61 N.C. App. 258, 260, 300 S.E.2d 455, 456
(1983). In this case the majority finds that pulling wire while in awkward positions was a normal part of plaintiff's job routine and that there was no interruption of his regular work routine on April 6, 1999.
I believe that the holding in Calderwood v. Charlotte-MecklenburgHosp. Auth., 135 N.C. App. 112, 519 S.E.2d 61 (1999), rev. denied,351 N.C. 351, 543 S.E.2d 124 (2000) is dispositive and requires finding a compensable injury by accident under the facts of this case. InCalderwood a labor and delivery nurse injured her shoulder while lifting the leg of a heavy patient. The Court of Appeals found that the fact that the nurse's job responsibilities included assisting patients who received epidurals resulting in a total block was not dispositive. The critical issue was whether the nurse's regular work routine involved lifting the legs of women weighing 263 pounds who had total blocks as a result of epidurals.
In its decision on remand, the Court of Appeals stated that the issue before the Commission in the case at bar is "whether the totality of the conditions under which plaintiff worked at the time of the injury were `usual tasks in the usual way' expected of an electrician working for the employer." Griggs v. Eastern Omni Constructors, 158 N.C. App. 480, 485,581 S.E.2d 138, 142 (2003) citing Lineback v. Wake County Bd. ofComm'rs, 126 N.C. App. 678, 681, 486 S.E.2d 252, 255 (1997). I believe the totality of the evidence in this case shows that plaintiff was not performing his "usual tasks in the usual way." The evidence shows that on April 6, 1999 plaintiff was assigned the job of disconnecting all the electrical systems and pulling and saving all control wiring so that the wiring could be reinstalled in a new line. Plaintiff testified that this was the first time in his 22 years as an electrician that he was asked to pull and save the old wiring for reinstallation. The task involved pulling wire up through a pipe, pulling it out on the floor, straightening the wire out, and then re-pulling it back up in the air and down through another pipe to a control panel. At the time he injured his shoulder, plaintiff was lifting the wire and holding it over his head to guide it to go down to the pipe. Plaintiff had not been in a situation before where he had to pull wire in this fashion. In addition, plaintiff was working on a strict time line and, due to a reduction in personnel, was working with no helper.
All of these unusual conditions constituted an interruption of plaintiff's regular work routine. Although employer's witness Ben Redman testified that on more than one occasion he had pulled wire the way plaintiff described, the undisputed evidence is that plaintiff had never in his 22 years of electrical work performed his job as described. Pursuant to the holding in Calderwood, the fact that plaintiff's job responsibilities included pulling wire is not dispositive. The question is whether plaintiff's regular work routine required pulling old wire in such a way that the wire could be saved for reinstallation, with no helper and under a strict time frame, and there is no evidence that it did.
Therefore, for the foregoing reasons, I must respectfully dissent from the opinion of the majority in this case. I believe that the evidence shows that plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER