MOOSE v. HEXCEL-SCHWEBEL

[163 N.C. App. 177 (2004)]

━━━━━━━━━

PATRICIA A. MOOSE, Plaintiff v. HEXCEL-SCHWEBEL, Employer, and AIG CLAIM SERVICES, Carrier, Defendants

No. COA03-542

(Filed 2 March 2004)

**1. Workers' Compensation— injury by accident—course of employment**

    The Industrial Commission did not err in a workers' compensation case by finding and concluding that plaintiff employee smash technician sustained a compensable injury by accident arising out of and in the course of her employment when she was asked by her supervisor to do weaving for three days while another employee was on vacation, which required her to lift heavy bobbins, because the lifting of bobbins was not her normal job.

**2. Appeal and Error— preservation of issues—failure to argue**

    Although plaintiff employee contends the Industrial Commission erred in a workers' compensation case by its award of total disability, attorney fees, payment of medical bills, and election of remedies, plaintiff failed to comply with N.C. R. App. P. 28 which requires her brief to have arguments in support of her assignments of error or questions presented.

Appeal by plaintiff and defendants from order entered 27 January 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 3 February 2004.

*Franklin Smith for plaintiff.*

*Cranfill, Sumner & Hartzog, L.L.P., by J. Shannon Harris, for defendants.*

WYNN, Judge.

Plaintiff, Patricia A. Moose, and Defendants, Hexcel-Schwebel and AIG Claim Services, appeal from the opinion and award of the North Carolina Industrial Commission awarding temporary total disability and permanent partial disability compensation to Ms. Moose. Defendants contend that the Commission erred by concluding Ms. Moose sustained a compensable injury by accident arising out of and in the course of her employment. Plaintiff, in her appeal, asks this Court to consider whether the Commission erred in failing to award (I) total disability compensation at the rate of $415.54 per week from 15 August 2000 and continuing until further orders of the Commission; (II) an attorney fee of 25% on the lump sum recovery from 15 August 2000; (III) payment of medical bills that are approved by the Commission and vocational rehabilitation services as may be necessary to allow Plaintiff to obtain suitable work in accordance with her restrictions; and (IV) an election of remedies to her post-injury wage than her pre-injury wage. After careful review, we affirm the opinion and award.

The pertinent facts indicate that Ms. Moose had been employed by Hexcel-Schwebel as a smash-hand technician for five years at the time of her injury. Hexcel-Schwebel produced lightweight woven fiberglass for circuit boards and electronics. As a smash-hand technician, Ms. Moose was required to make sure the ends on a warp were pulled through if the ends were broken. If she did not have any work to do, Ms. Moose was required to relieve weavers as they were taking their breaks. Ms. Moose did not have to weave on a day-to-day basis and the lifting of bobbins was not a part of her job as a smash-hand technician.

On the weekend Ms. Moose was injured, her supervisor asked her to operate a loom because the scheduled employee was on vacation. Thus, Ms. Moose operated the machine for three twelve hour shifts. On Sunday, Ms. Moose lifted a large bobbin that weighed between 20 and 22 pounds off of the floor with both hands. When she bent down to lift the bobbin, she felt her left arm pull and pain radiated through her left arm, neck and shoulder. Ms. Moose testified that she immediately told her supervisor about the pain and

worked the remainder of the shift at her supervisor's request. Her supervisor testified that lifting the heavy bobbins was not a part of Ms. Moose's normal job.

After the pain did not subside, Ms. Moose sought treatment with Dr. Daniel Bellingham the following Tuesday. Ms. Moose was subsequently referred to Dr. William O. Bell, a neurologist, to determine whether Ms. Moose had a stroke. After the MRI ruled out a stroke, the doctor diagnosed Ms. Moose with ulnar neuropathy at the elbow, which is essentially a pinched nerve at the elbow. On 31 October 2000, she underwent left ulnar nerve decompression surgery, and afterwards, she had several months of physical therapy. On 27 March 2001, Dr. Bell assigned a 10% permanent disability rating to the left elbow, determined that she could not return to her previous employment, recommended sedentary, low physical demand type employment, restricted Ms. Moose from lifting anything over 20 pounds and recommended limited use of her left arm. Dr. Bell opined Ms. Moose's injury was work-related.

After Hexcel-Schwebel's denial of Ms. Moose's workers' compensation claim, the Commission awarded Ms. Moose temporary total disability compensation, 24 weeks of permanent partial disability compensation, attorney's fees, and reimbursement or payment of her medical bills. Plaintiff and Defendant appeal.

---

"When considering an appeal from the Commission, its findings are binding if there is any competent evidence to support them, regardless of whether there is evidence which would support a contrary finding. Therefore, our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings, and (2) whether those findings justify its conclusions of law." *Shaw v. Smith & Jennings, Inc.*, 130 N.C. App. 442, 445, 503 S.E.2d 113, 116 (1998).

### I. Defendant's Appeal

[1] In its sole issue on appeal, Hexcel-Schwebel contends the Commission erred in finding and concluding Ms. Moose sustained a compensable injury by accident arising out of and in the course of her employment. Hexcel-Schwebel argues that the lifting of the heavy bobbins had become a part of Ms. Moose's normal work routine and therefore an injury caused by the lifting of the bobbin could not constitute a compensable injury under our workers' compensation act. We disagree.

"Under the North Carolina Workers' Compensation Act, an injury arising out of and in the course of employment is compensable only if caused by an 'accident' and the claimant bears the burden of proving an accident has occurred." N.C. Gen. Stat. Section 97-2(6) (2001); *Calderwood v. Charlotte-Mecklenburg Hosp. Auth.*, 135 N.C. App. 112, 115, 519 S.E.2d 61, 63 (1999). "An accident is an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." *Id.* "The elements of an 'accident' are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences." *Adams v. Burlington Industries, Inc.*, 61 N.C. App. 258, 260, 300 S.E.2d 455, 456 (1983). "If the employee is performing his regular duties in the usual and customary manner and is injured, there is no accident and the injury is not compensable." *Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 26, 264 S.E.2d 360, 363 (1980).

In this case, the Commission found:

4.  On August 13, 2000, Arlene Smith was plaintiff's supervisor. As a weaver was on vacation, Ms. Smith asked plaintiff to leave her smash technician job and do the weaving. The weaving job required plaintiff to lift heavy yarn bobbins, weighing approximately twenty pounds. Plaintiff occasionally had to help with weaving, but the lifting was not a regular part of her primary job as a smash end technician.

Indeed, the record shows that Arlene Smith testified that she was Ms. Moose's supervisor; a weaver was on vacation; she asked plaintiff to do the weaving for the three days; the bobbins weighed between 20 and 22 pounds and lifting was not a regular part of Ms. Moose's job. Ms. Moose testified similarly. Accordingly, we conclude this finding of fact was supported by competent evidence.

Nonetheless, Defendants contend that, according to this Court's decision in *Bowles v. CTS of Asheville*, 77 N.C. App. 547, 550, 335 S.E.2d 502, 504 (1985), "once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an 'injury by accident' under the Workers' Compensation Act." Thus, Defendants argue that although Ms. Moose did not perform weaving functions on a day-to-day basis and did not lift the heavy bobbins daily, because she was expected to perform the weaving functions when needed due to the absence of another employee and was trained in the operation of

looms, the lifting of the heavy bobbins had become a part of her normal work routine. However, as her supervisor testified, the lifting of bobbins was not her normal job; moreover, Ms. Moose testified:

> But that one particular job I was working on that weekend, it's the one job out there that has the really heavy filling on it. I'd never worked on it but maybe a couple of times. The majority of the jobs out there, except for that one, the filling is not but about five pounds maybe. It's real light-weight. They run light-weights over there, and that's where I stayed most of the time. But on this particular weekend, she was really short-handed. I didn't like to go on the job. I went over there and ran the job anyway.

Accordingly, we conclude the Commission's findings and conclusions determining Ms. Moose's work-related injury was compensable was supported by competent evidence and in accordance with applicable law.

## II. Plaintiff's Appeal

[2] In her appeal, Ms. Moose challenges certain aspects of the Commission's award. Specifically, Ms. Moose contends the Commission should have (I) awarded total disability to the plaintiff at a rate of $415.54 per week from August 15, 2000 and continuing until further orders of the Commission or the Court; (II) awarded an attorney fee of 25% on the lump sum recovery from August 15, 2000; (III) awarded payment of medical bills that were approved by the Commission and provided for vocational rehabilitation services to allow Ms. Moose to work in accordance with her restrictions; and (IV) awarded an election of remedies to her post-injury wage than her pre-injury wage. We affirm the Commission's award.

Ms. Moose has not complied with North Carolina Rule of Appellate Procedure 28 as her brief does not contain any argument in support of her assignments of error or questions presented. Her argument does not address the calculation of the rate of disability, attorney's fees, medical bills or election of remedies. In her brief, Ms. Moose merely discusses the definition of disability and the facts of her case that support such a determination. Thus, her argument is more of a response to Defendant's contentions on appeal—that Ms. Moose did not sustain a compensable injury—than an argument in support of the issues she presented on appeal. Moreover, in this case, the Commission awarded Ms. Moose her medical bills, attorney's fees, temporary total disability and

IN RE N.B.

[163 N.C. App. 182 (2004)]

permanent partial disability compensation. As Ms. Moose has not presented an argument as to how the Commission's award was in error, we affirm the Commission's opinion and award. *See State v. Stanley*, 288 N.C. 19, 26, 215 S.E.2d 589, 593-94 (1975) (stating "it is well recognized that assignments of error not set out in an appellant's brief and in support of which no arguments are stated or authority cited, will be deemed abandoned").

Affirmed.

Judges McGEE and TYSON concur.