* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Rowell.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. At the time of the alleged injury, giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. At the time of the alleged injury, an employment relationship existed between plaintiff and defendant.
3. The insurance carrier on the risk for defendant was The Hartford.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner plaintiff was a 41 year-old female from Guatemala, who had completed 6 grades of school, with no education in English. Plaintiff speaks some English, but has trouble with complicated phrases. Plaintiff required a Spanish-English interpreter at the hearing before the deputy commissioner.
2. Plaintiff began working for defendant in May 2005. Her job required lifting boxes weighing between five to 125 pounds. Some of the boxes plaintiff was required to lift were so heavy that two people were required to lift them.
3. On the morning of October 20, 2005, plaintiff was working with her back to the conveyor line when one of the heavier boxes was being pushed off the conveyor line by another employee. Plaintiff was unaware of the box and was struck in her mid to low back area and was pushed forward, which twisted her spine in the process. As plaintiff was falling to the floor she landed on some racks.
4. Plaintiff felt immediate sharp pain in her back and right leg. She had difficulty keeping her balance and had to sit in a chair. Defendant had one of plaintiff's coworkers take plaintiff to Frye Regional Medical Center Emergency Room where she was prescribed *Page 3 
medication. X-rays were not taken. Plaintiff was placed out of work for one day. Prior to October 20, 2005, plaintiff did not have a history of back problems.
5. On October 24, 2005, plaintiff was in severe pain. She called work and stayed out that day. On October 25, 2005, when plaintiff returned to work, she asked to be sent to a doctor. Defendant had plaintiff go to the office where she was requested to sign a "written verbal" warning about work performance. Plaintiff believed she would be terminated if she signed the form, but did initial her name to the form. Defendant was not satisfied and terminated plaintiff. Plaintiff had no prior misconduct or warnings. The undersigned find that there is insufficient evidence to support a finding that plaintiff was terminated for misconduct.
6. On the same day of termination, defendants sent plaintiff to Hart Industrial Clinic, which assigned plaintiff work restrictions of lifting no more than five pounds and no bending or twisting. Defendants have not offered suitable work to plaintiff. Plaintiff even re-applied with defendant on August 25, 2006, but the company refused to rehire her.
7. Defendants next sent plaintiff to Carolina Orthopaedic beginning November 8, 2005 where plaintiff was treated by Dr. Myron Smith, who left the practice, then by Dr. Christopher Daley, a joint replacement orthopaedist, and finally by Dr. Ralph Maxy, a spine specialist.
8. On November 23, 2005, plaintiff had a spinal MRI, which revealed an L4-5 annular disc tear. Dr. Maxy testified that more likely than not, plaintiff's injury at work caused the traumatic L4-5 annular disc tear, which is the reason for plaintiff's ongoing pain and plaintiff's absence of symptoms prior to her injury at work. *Page 4 
9. The Full Commission gives greater weight to the testimony of Dr. Ralph Maxy, who specializes in spinal disorders, than to Dr. Daley, who does not specialize in spinal disorders.
10. On June 14, 2006, Dr. Maxy recommended epidural steroid injections for plaintiff, but defendants refused to provide any further treatment. Plaintiff still needs medical treatment, which she has not been able to arrange on her own. Plaintiff has not yet reached maximum medical improvement.
11. Plaintiff has completed an extensive job search without success at various employers and temporary agencies. Plaintiff's prior jobs all required bending, twisting, and stooping which she can no longer do as a result of her work related injury while employed by defendant. Plaintiff has been on various work restrictions and continues to be assigned restrictions by Dr. Maxy of no lifting more than 15 pounds and no excessive bending, twisting or stooping.
12. A Form 22 has not been filed and defendant's Form 19 states that plaintiff made an hourly rate of zero dollars and zero cents. The only evidence in the record of plaintiff's wages is plaintiff's Form 18, which lists her wages as $520.00 per week. Since this evidence is uncontested, the Full Commission finds as fact that plaintiff's average weekly wage is $520.00, yielding a compensation rate of $346.68.
13. Defendants' Industrial Commission Form 60 was stipulated into evidence at the hearing before the deputy commissioner as part of Stipulated Exhibit 2. However, the Form 60 was inadvertently not included in the transcript of the evidence.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following: *Page 5 
 CONCLUSIONS OF LAW
1. An accident must involve more than merely carrying on the usual and customary duties in the usual way. It involves the interruption of the work routine and the introduction of an unusual event. Adams v.Burlington Industries, Inc., 61 N. C. App. 258, 300 S. E. 2d 455 (1983). On October 20, 2005, plaintiff sustained an injury by accident, arising out of and in the course of her employment with defendant resulting in an annular disc tear injury. N. C. Gen. Stat. § 97-2 (6).
2. Plaintiff has been unable to find suitable employment as a result of her injury, and is entitled to temporary total disability compensation beginning October 20, 2005, and continuing until further order of the Commission. N. C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident that is reasonably necessary to effect a cure or provide relief. N. C. Gen. Stat. §§97-2(19); 97-25.
4. Plaintiff is entitled to compensation at the rate of $346.68, beginning October 20, 2005 and continuing until further Order of the Industrial Commission, for the temporary total disability she sustained as a result of her injury by accident while employed by defendant. N. C. Gen. Stat. § 97-29.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
Defendants shall pay compensation to plaintiff at the rate of $346.68 per week, beginning October 20, 2005 and continuing until further Order of the Industrial Commission, for *Page 6 
the temporary total disability she sustained as a result of this injury by accident. Disability compensation due plaintiff that has accrued shall be paid in a lump sum subject to the attorney's fee approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of plaintiff's injury by accident while employed with defendant.
3. An attorney's fee in the amount of 25% is approved for plaintiff's counsel and will be deducted from the lump sum amount accrued and awarded in paragraph 1 above and paid directly to plaintiff's counsel. Thereafter, plaintiff's counsel is entitled to be paid directly, every fourth check from plaintiff's continuing disability compensation benefits awarded.
4. It is hereby ordered that the Form 60 which was stipulated into evidence at the hearing before the deputy commissioner as part of Stipulated Exhibit 2 is to be incorporated into the transcript of evidence.
5. Defendants shall pay the costs.
This the 5th day of December, 2007.
S/_______________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
S/_______________ PAMELA T. YOUNG CHAIR
DISSENTING:
S/_______________ DIANNE C. SELLERS COMMISSIONER