***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell, and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At the time of the June 26, 2007 injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. At that time, an employment relationship existed between plaintiff and defendant-employer; defendants, however, deny that plaintiff's injury resulted from an accident.
3. Auto Owners Insurance Company was the compensation carrier on the risk, with Crawford Company acting as its servicing agent.
4. As the Deputy Commissioner and the parties agreed to bifurcate this case, the issue to be determined by the Commission will be limited to that concerning compensability only.
5. The parties stipulated into evidence as Stipulated Exhibit #1, Pre-Trial agreement, as modified and initialed by the parties.
6. The parties stipulated into evidence as Stipulated Exhibit #2, medical records.
7. The parties stipulated into evidence as Stipulated Exhibit #3, recorded statement and I.C. Forms
 ***********
Based upon all the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner in this matter, plaintiff was 55 years old and was 5 feet 11 inches tall and weighed 228 pounds. Prior to June 26, 2007, plaintiff worked for 16 years installing custom and prefabricated staircases. Specifically, for two months prior to June 26, 2007, plaintiff worked for Asheville Hardwood Flooring and, prior thereto, he worked for Southern Classic Stairs.
2. On June 26, 2007, plaintiff was hired by defendant-employer as a contractor for the purpose of performing a single installation of hardwood flooring in a residence. Plaintiff *Page 3 
had not previously worked for defendant-employer and plaintiff was only hired to perform this single installation as an assessment of plaintiff's abilities. Plaintiff had not performed wood-flooring installation for approximately six years prior to working for defendant-employer.
3. Typically, a hardwood floor installer that is employed by defendant-employer is responsible for delivering boxes of wood flooring and other materials to the job site a few days prior to the installation, so as to allow the wood to acclimate to its environment. These job duties involved unloading the wood at the job site and moving it into the residence. However, when plaintiff was hired to perform the installation in question, defendant-employer agreed to have someone else deliver the wood to the installation site. When plaintiff had installed flooring in the past, plaintiff had never been required to deliver the wood to the installation site.
4. Despite the agreed-upon delivery arrangement, on June 26, 2007, plaintiff arrived at defendant-employer's warehouse and loaded 22 boxes of seven-foot-long hardwood flooring weighing approximately 50 pounds per box. He then drove the materials to a customer's house in Hendersonville. Plaintiff was able to back his truck and trailer within 200 feet of the customer's house and then had to pick up and carry each 50-pound box of wood flooring on his shoulder and "walk up a little hill." He testified: "[O]nce you walked up from the trailer to the house there was three steps. And about four to five feet of flat surface. Then there was one more step about four inches, you know the threshold of the front door." Plaintiff stated that it was "hot and humid," with a temperature of "close to 90 degrees."
5. On June 26, 2007, over the period of one hour, plaintiff carried twenty boxes of wood flooring into the customer's house without stopping. While carrying the twenty-first box *Page 4 
into the house, plaintiff stepped over the threshold into the house and felt as if his right foot popped.
6. On June 28, 2007, plaintiff sought and received emergency medical treatment at Mission Hospital, where he was diagnosed with a right Achilles tendon rupture. Plaintiff reported to the ER physician, Thomas C. Howald, M.D., that he was carrying a heavy box, and was coming up a step when he heard a loud pop and felt a sharp pain in the back of his right foot and ankle.
7. After receiving emergency medical treatment, plaintiff came under the care of Peter G. Mangone, M.D., including his physician's assistant, Carla M. Norman. On June 29, 2007, plaintiff reported to Ms. Norman feeling a loud pop in his right foot as he was carrying bundles of wood.
8. On July 2, 2007, plaintiff reported to Dr. Mangone that as he was stepping forward with his right foot, he heard a loud pop as he was carrying a heavy load of boards. Ultimately, Dr. Mangone performed a right Achilles debridement and tendon repair on July 19, 2007.
9. At the time of the June 26, 2007 injury, plaintiff was employed by defendant-employer as a part-time hardwood floor installation contractor and was covered by defendant-employer's workers' compensation insurance.
10. On June 26, 2007, plaintiff performed a specific work duty that he had never performed previously which exceeded his regular work routine when he was required to unload more than 20 boxes of wood flooring, each weighing 50 pounds a piece, and carry each box for over 200 feet and up three steps and over a threshold. As such, the Full Commission finds that *Page 5 
plaintiff's right Achilles tendon injury was the result of an injury by accident occurring within the course and scope of his employment with defendant-employer on June 26, 2007.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff performed a specific work duty that he had never performed previously which exceeded his regular work routine when he was required to unload more than 20 boxes of wood flooring, each weighing 50 pounds apiece, and carry each box for over 200 feet and up three steps and over a threshold. See Calderwood v. Charlotte-Mecklenburg Hosp. Auth.,135 N.C. App. 112, 519 S.E. 2d 61 (1999). Given that plaintiff had exceeded his regular work routine, and given that plaintiff had never performed this specific work duty previously, the Full Commission concludes that plaintiff's right Achilles tendon injury was the result of an injury by accident occurring within the course and scope of his employment with defendant-employer on June 26, 2007. Id.
2. Plaintiff has shown by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer on June 26, 2007. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER *Page 6 
1. This matter is hereby remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment of the case to a Deputy Commissioner for the taking of additional evidence and further hearing, if necessary, on the issue of what disability compensation, if any, is due to plaintiff, and the entry of an Opinion and Award consistent with the findings and conclusions of law contained herein.
2. Defendants shall pay the costs.
This the 24th day of February 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER