***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Ledford with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act, and the Commission has jurisdiction over this claim. *Page 2 
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times.
3. Defendant-employer had workers' compensation coverage at all relevant times.
4. Pursuant to N.C. Gen. Stat. § 97-2, plaintiff's average weekly wage and compensation rate are $892.88 and $595.28, respectively.
5. Plaintiff alleges he injured his right arm and shoulder in the course and scope of his employment on December 7, 2006, which defendants deny.
6. Plaintiff last worked for defendant-employer on December 15, 2006.
7. The following documents were stipulated into evidence by the parties:
 (a) Pre-trial Agreement — Stipulated Exhibit No. 1.
 (b) Industrial Commission Forms — Stipulated Exhibit No. 2.
 (c) Medical Records — Stipulated Exhibit No. 3 (417 pages).
 *********** ISSUES
1. Whether plaintiff sustained a compensable injury by accident on or about December 7, 2006?
2. If so, what are the compensable consequences?
3. What, if any, credit are defendants due for payment of short term and long term disability benefits received by plaintiff?
 ***********
Based upon all of the competent credible evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT *Page 3 
1. On the date of the hearing before the Deputy Commissioner, plaintiff was 62 years of age. He had worked for defendant-employer, or defendant-employer's predecessors and successor in interest, at a paper mill located in Canton, North Carolina, for approximately 40 years. Plaintiff has a high school education and on-the-job training with the defendant-employer.
2. The process of manufacturing paper involves the conversion of various types of wood chips into paper. From 1997 to 2006, plaintiff held the position of Chip System Crew Leader. One of plaintiff's job responsibilities involved the moving of railcars loaded with wood chips to be unloaded.
3. Railcars are initially pushed into defendant-employer's mill by a railroad company. Each railcar is equipped with a hand brake that serves as an emergency brake to keep the railcar from moving. The hand brake is set and released by turning a wheel affixed to the backside of the railcar, and in order to release the hand brake, the wheel is turned in a counterclockwise direction.
4. The amount of force one needs to turn the wheel and release the hand brake varies depending on the age of the railcar, the degree to which the brake was previously set, and the individual who is releasing the brake. It was not unusual for plaintiff to encounter a wheel that was too tight to turn by hand to release the brake. In such instances, plaintiff might need to employ a device such as a brake stick or a two-by-four, if a brake stick was not available, in order to gain additional leverage to enable him to loosen the wheel. Per plaintiff's own testimony, plaintiff had used a two-by-four to release the brakes on the rail cars for approximately six to seven months prior to the date of the alleged injury.
5. On December 7, 2006, plaintiff experienced difficulty upon attempting to release a hand brake by hand. As he pulled downward on the hand brake wheel with his right hand, *Page 4 
plaintiff heard a "pop" in his right shoulder. Plaintiff did not use a brake stick or two-by-four to attempt to release the brake in question, however, he did use a two-by-four the rest of the day when attempting to release other brakes.
6. In plaintiff's Form 18, filed by his counsel in April 2007, plaintiff states that he injured his right shoulder while "releasing a brake off of a hand car to another area when his shoulder `popped.'" Likewise, in response to an Interrogatory posed by defendants, plaintiff states that he hurt his shoulder when he was "releasing the brake off a chip car when I heard a pop in my shoulder." These descriptions of the mechanism of injury comport with the descriptions contained in various medical records, the documentary evidence submitted by the parties at the hearing before the Deputy Commissioner, and plaintiff's sworn testimony, which the undersigned find credible.
7. Plaintiff's co-worker and supervisor, Michael Cope, testified, and the Full Commission finds as fact, that Mr. Cope regularly observed members of the chip system crew, including plaintiff, having difficulty and being unable to turn the wheel of a hand brake by hand. Mr. Cope had previously observed plaintiff releasing the brakes, both by hand and using a brake stick. It would not be unusual to find a brake so tightly engaged that it could not be released by hand. This is the reason that crew members such as plaintiff began using tools such as the brake sticks or two-by-fours for assistance.
8. Plaintiff did not report the incident of December 7, 2006 to his supervisor until December 15, 2006. Upon reporting the incident, plaintiff was taken to defendant-employer's occupational health clinic where he did not mention that anything unusual had occurred outside of his normal job routine, only that he "felt a strain in his right shoulder" while "taking the brakes off rail cars." *Page 5 
9. The Full Commission has carefully considered all the evidence, including plaintiff's testimony, which is found to be credible. The greater weight of the competent, credible evidence indicates that plaintiff sustained an injury to his right shoulder when he was pulling downward on the wheel of a railcar hand brake on December 7, 2006. However, the evidence fails to establish that this event was an unanticipated interruption of plaintiff's normal work routine. Plaintiff had been performing this task as a normal part of his work routine for years, and it was not unusual for him to encounter a hand brake wheel that was too tight to turn by hand.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable, it must result from an accident within the meaning of the Workers' Compensation Act. An "accident" has repeatedly been defined by our appellate courts as "an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." N.C. Gen. Stat. § 97-2(6);Hensley v. Farmers Federation Co-op.,246 N.C. 274, 278, 98 S.E.2d 289, 292 (1957); Porter v. Shelby Knit,Inc., 46 N.C. App. 22, 26, 264 S.E.2d 360, 363 (1980); Bowles v.City of Asheville, Inc.,77 N.C. App. 547, 549, 355 S.E.2d 502, 503 (1985); and Calderwood v.Charlotte-Mecklenburg Hosp. Auth.,135 N.C. App. 112, 115, 519 S.E.2d 61, 63 (1999).
2. The Full Commission has carefully considered the evidence and has concluded that there was no interruption of plaintiff's normal work routine on December 7, 2006 by an unlooked for event such as constitutes an "accident." Plaintiff was performing his normal job as *Page 6 
a Chip Crew System Leader in his usual and customary manner when he sustained an injury to his right shoulder and, therefore, there was no compensable accident. Accordingly, his claim must be denied.Gunter v. Dayco Corp.,317 N.C. 670, 673, 346 S.E.2d 395, 397 (1986).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim must be and is hereby denied.
2. Defendants shall pay the costs.
This the 10th day of June, 2010.
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER