* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence and upon reconsideration, the Full Commission REVERSES the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and of the subject matter. *Page 2 
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to the Workers' Compensation Act at the time of the alleged injury by accident.
4. An employer/employee relationship existed between the parties at the time of the alleged injury by accident.
5. The employer in this case is The Oaks of Carolina and the carrier liable on the risk is Travelers.
6. Plaintiff allegedly sustained an injury by accident on or about March 8, 2009.
7. The nature of the alleged injury is a right shoulder injury.
8. Plaintiff's average weekly wage, pursuant to the Form 22 Wage Chart submitted at the hearing before the Deputy Commissioner, is $558.18, which yields a compensation rate of $372.14.
9. Plaintiff was paid for the entire day of the alleged injury by accident.
10. The following documents were admitted into evidence during the hearing before the Deputy Commissioner:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Indexed Set of Paginated Exhibits
 (c) Stipulated Exhibit 3: Payment History
 (d) Stipulated Exhibit 4: Staffing Pattern
 (e) Plaintiff's Exhibit 1: Patient Assessment Form
 (f) Defendants' Exhibit 1: ISO Report *Page 3 
11. The issues before the Full Commission are whether plaintiff sustained a compensable injury by accident arising out of and in the course of employment on March 8, 2009 and if so, to what, if any, compensation is plaintiff entitled.
 * * * * * * * * * * *
Based upon the competent, credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 53 years old. Plaintiff graduated from high school in Haiti. Plaintiff has been a certified nurses' assistant (CNA) since 1983, for over 25 years. Plaintiff began working for defendant-employer in October 2007 as a CNA.
2. On March 8, 2009, while plaintiff was working, she found a resident lying in a soiled bed. This resident was elderly and paralyzed on one side and therefore the normal and appropriate procedure was for two people to change the resident. Plaintiff attempted to locate another CNA to assist her with moving and changing the clothes of the soiled resident. Plaintiff stated that they were short staffed that day and she unable to locate any staff available to assist her. Plaintiff proceeded to move and change the resident without assistance, rather than leaving the resident lying in soiled clothes and bedding for an unknown length of time.
3. The resident attempted to help as much as he could. Plaintiff held his back with her right hand to support him and keep him on his side and used her left hand to change under him. Because plaintiff was performing the duty alone, she had to hold the resident up and change underneath him, which she normally would not have to do if two people were changing a resident. During the performance of this duty while holding the resident's back, the resident *Page 4 
pushed back unexpectedly. Plaintiff was supporting the resident with just one arm because she was performing the duty alone. When he pushed back, plaintiff's one arm and shoulder experienced the force of the resident pushing back, instead of both arms supporting him as usual in a two person change. Plaintiff felt a crack in her right shoulder and began experiencing pain. Plaintiff stopped momentarily due to the pain and then completed changing the resident.
4. Plaintiff testified that it was not uncommon for defendant-employer to be short staffed on the weekends and because of the short-staffing, plaintiff sometimes moved residents without assistance due to lack of help.
5. However, the Full Commission finds that it was not within plaintiff's normal job duties to move this resident by herself. Plaintiff unsuccessfully attempted to find assistance which was unavailable. The lack of assistance due to defendant-employer's short staffing was outside plaintiff's control. Defendant-employer is responsible for ensuring adequate staffing is available to appropriately provide the necessary services to its residents. Because the resident unexpectedly pushed back as plaintiff was attempting to move him, plaintiff engaged in unusual physical exertion during the incident as compared to changing the resident with the assistance of another staff person. Therefore, plaintiff's injury on March 8, 2009 did not occur under normal work conditions while she was performing her job in the usual manner.
6. On March 12, 2009, plaintiff went to Next Care Urgent Care in Garner, North Carolina, complaining of pain in her right shoulder. An x-ray obtained of plaintiff's right shoulder revealed no evidence of fracture or pathology. Plaintiff was given work restrictions of no lifting greater than 20 pounds and prescribed a course of physical therapy.
7. Plaintiff returned to work initially in her regular position and within a couple days was placed in a laundry tech position that was supposed to be light duty. The laundry tech *Page 5 
position consisted of lifting dry and wet clothes. Plaintiff continued to experience pain while performing the laundry position and returned to Next Care on March 19, 2009, at which time Dr. Carl Reid placed plaintiff on restrictions of no lifting over ten pounds.
8. Plaintiff returned to Next Care on March 26 and April 2, 2009, at which time it was noted that plaintiff had not started physical therapy, due to waiting on a referral through workers' compensation.
9. Dr. Reid requested an MRI which was obtained of plaintiff's right shoulder on April 17, 2009, revealing a full thickness, non-retracted anterior footplate tear of the distal supraspinatus.
10. On April 22, 2009, plaintiff went to Raleigh Orthopaedic for examination by Dr. Jeffrey Kobs. Dr. Kobs reviewed the MRI film and an x-ray of plaintiff's right shoulder. Dr. Kobs opined that the x-ray revealed mild AC arthritis and that the MRI revealed a full thickness supraspinatus rotator cuff tear. He recommended physical therapy, over-the-counter anti-inflammatories and surgical intervention. Dr. Kobs assigned plaintiff work restrictions including no use of the right arm and no lifting with the right arm.
11. Dr. Kobs opined and the Full Commission finds that plaintiff's rotator cuff tear was caused by the March 8, 2009 work related accident. Dr. Kobs based his opinion on the MRI, his objective examination and plaintiff's subjective reports.
12. Plaintiff was notified of her termination from employment on April 22, 2009, the same day she notified defendant-employer that Dr. Kobs restricted her from using her right arm. The reason given for plaintiff's termination was her failure to disclose a prior workers' compensation injury on a post-offer health questionnaire. The Commission finds that plaintiff *Page 6 
was terminated for misconduct or fault unrelated to her compensable injury, for which a non-disabled employee would ordinarily have been terminated.
13. Plaintiff has not received any additional medical care since her April 22, 2009 visit to Dr. Kobs, other than some physical therapy.
14. The Full Commission finds that plaintiff is credible as to the incident on March 8, 2009 and as to the extent of her disability. Based on the greater weight of the evidence, the Full Commission finds that on March 8, 2009, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she injured her right shoulder. Plaintiff's act of moving an elderly, partially paralyzed resident by herself with no assistance from other staff, having to handle and hold the resident differently than normal if two staff were changing the resident, along with the resident's unexpected movement and plaintiff only having one arm to respond to the resident's sudden movement, constituted an unlooked for and untoward event, which was an interruption of plaintiff's normal work routine.
15. Following plaintiff's termination, plaintiff has attempted to find other employment and has filed for and received unemployment benefits since August 4, 2009 in the amount of $329.00 per week. The Commission finds that plaintiff made a reasonable job search in an effort to find possible suitable employment but has been unsuccessful in her efforts.
16. The Commission further finds that as a result of the compensable injury by accident, plaintiff has been unable to earn the same or greater wages as she was earning in the same or any other employment since April 22, 2009.
17. Pursuant to the Form 22 wage statement, plaintiff's average weekly wage was $558.18, which yields a compensation rate of $372.14.
 * * * * * * * * * * * *Page 7 
Based upon the forgoing findings of facts, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. An injury by accident is defined under the Act as an unlooked for and untoward event, which is not expected or designed by the injured employee. N.C. Gen. Stat. § 97-2(6); Adams v. BurlingtonIndustries, 61 N.C. App. 258, 300 S.E.2d 455 (1983). In this case plaintiff's actions while changing a resident on March 8, 2009, constituted an interruption of her work routine and introduced unusual conditions resulting in unexpected consequences. Legette v. Scotland Memorial Hospital,181 N.C. App. 437, 640 S.E.2d 744 (2007); Calderwood v.Charlotte-Mecklenburg Hosp. Auth.,135 N.C. App. 112, 519 S.E.2d 61 (1999), disc. review denied,351 N.C. 351, 543 S.E.2d 124 (2000). Therefore, on March 8, 2009, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Defendant-employer terminated plaintiff for misconduct or fault unrelated to her work injury, for which a non-disabled employee would ordinarily have been terminated. Seagraves v. Austin Co. ofGreensboro, 123 N.C. App. 228, 472 S.E.2d 397 (1996).
3. Plaintiff's termination for fault under the facts of this case constitutes a constructive refusal of employment. N.C. Gen. Stat. § 97-32; McRae v. Toastmaster, Inc.,358 N.C. 488, 597 S.E.2d 695 (2004).
4. Pursuant to Seagraves, plaintiff's constructive refusal of employment shifts the burden of proof to plaintiff to show that her inability to find or hold other employment of any kind, or other employment at a wage comparable to that earned prior to the injury, is due to the work-related disability. Seagraves v. Austin Co. ofGreensboro, supra. *Page 8 
5. Plaintiff can satisfy this burden of proving disability in one of four ways: (1) the production of medical evidence that she is physically or mentally, as a consequence of the work related injury, incapable of working in any employment; (2) the production of evidence that she is capable of some work, but that she has, after reasonable effort on her part, been unsuccessful in her effort to obtain employment; (3) the production of evidence that she is capable of some work but that it would be futile because of pre-existing conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that she has obtained other employment at a wage less than she earned prior to her injury. Russell v. Lowe's ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
6. In this case, the medical evidence shows that as of April 22, 2009, plaintiff was capable of some work due to her right shoulder rotator cuff tear but that she has been unable to locate employment due to her restrictions and the type of work in which she has experience. Plaintiff has not been released to work without restrictions since April 22, 2009.
7. Therefore, as a result of the compensable injury, plaintiff has shown disability and is entitled to payment by defendants for temporary total disability compensation at the rate of $372.14 per week beginning April 22, 2009, and continuing until plaintiff returns to work or until further Order of the Commission. N.C. Gen. Stat. § 97-29; Russell v. Lowe's ProductDistribution, supra.
8. Defendants are entitled to a credit for unemployment benefits plaintiff received from the Employment Security Commission, pursuant to the provisions of N.C. Gen. Stat. § 97-42.1. *Page 9 
9. Plaintiff is entitled to have defendants pay for medical expenses incurred or to be incurred as a result of the compensable injury that provide relief, effect a cure or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25.
 * * * * * * * * * * * Based upon the foregoing stipulations, findings of fact andconclusions of law, the Full Commission reverses the holding of theDeputy Commissioner and enters the following:
 AWARD
1. Subject to a reasonable attorney's fee approved below and subject to a credit for unemployment benefits received by plaintiff, defendants shall pay temporary total disability compensation to plaintiff at the rate of $372.14 per week for the period beginning April 22, 2009, and continuing until plaintiff returns to work or until further Order of the Commission. Any accrued compensation shall be paid in a lump sum.
2. Defendants shall pay medical expenses incurred as a result of the compensable injury by accident when bills for the same have been approved, in accordance with the provisions of the Act.
3. A reasonable attorney's fee of 25% of the compensation awarded to plaintiff in Paragraph 1 above is hereby approved for counsel for plaintiff. From the compensation having accrued, this fee shall be deducted from the amounts due plaintiff and paid directly to plaintiff's counsel, with counsel for plaintiff receiving every fourth check thereafter.
4. Defendants shall pay the costs.
This 20th day of January, 2011.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER